J-S09002-19

2019 PA Super 276

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBERT WILLIAM URWIN, JR. | : | |
| | : | |
| Appellant | : | No. 1501 WDA 2017 |

Appeal from the PCRA Order September 29, 2017
In the Court of Common Pleas of Washington County
Criminal Division at No(s):  CP-63-CR-0001212-2010

BEFORE:  PANELLA, P.J., LAZARUS, J., and STRASSBURGER, J.[*]

OPINION BY PANELLA, P.J.:                    FILED SEPTEMBER 10, 2019

Appellant, Robert William Urwin, Jr., challenges the order entered in the Washington County Court of Common Pleas, denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

A sixteen year old victim's nude body was discovered in a field in Washington County in February 1977. She died from blunt force trauma to the head. Investigators located her clothing scattered nearby, and sealed it as evidence. Though witnesses at the time stated they had last seen the victim with Appellant and David Davoli, charges against Davoli were dismissed at a preliminary hearing. Appellant was not charged at that time.

The case remained unsolved for several decades, until the victim's clothing was submitted for DNA testing in 2009. Investigators found that a

_____

[*] Retired Senior Judge assigned to the Superior Court.

DNA mixture on the victim's underwear contained the profiles of the paternal bloodlines for both Appellant and Davoli. When questioned by police, Davoli waived his Miranda rights and confessed his and Appellant's involvement in the victim's death.

Appellant proceeded to a bench trial. At trial, Davoli testified that he and Appellant each had sex with the victim, before Appellant dragged her from the vehicle and beat her with a car tool. The court convicted Appellant of third-degree murder, and sentenced him to 10-20 years' incarceration. This Court affirmed Appellant's judgment of sentence, and the Pennsylvania Supreme Court denied allowance of appeal on April 2, 2014.

Appellant then filed a timely PCRA petition on March 31, 2015. In it, he raised eleven separate claims, many premised on trial counsel's alleged errors. He also asserted that while his case was on appeal, Paul Pozonsky, the judge who presided over his trial, had been convicted of theft of cocaine from an evidence locker and disbarred. Appellant claimed the judge had been using cocaine during the trial, and that such an incompetent tribunal violated Appellant's right to due process. The PCRA court, helmed by a different judge, ordered a hearing at which Appellant's counsel and other witnesses testified. Ultimately, the court denied PCRA relief. Appellant filed a timely notice of appeal, and this case is now properly before us.

Appellant raises three issues on appeal. He first claims his right to due process was violated by the court's alleged cocaine use during trial.

"Our standard of review for issues arising from the denial of PCRA relief is well-settled. We must determine whether the PCRA court's ruling is supported by the record and free of legal error." Commonwealth v. Presley, 193 A.3d 436, 442 (Pa. Super. 2018) (citation omitted). In doing so, we read the record in the light most favorable to the prevailing party. See Commonwealth v. Ford, 44 A.3d 1190, 1194 (Pa. Super. 2012). If this review reveals support for the PCRA court's credibility determinations and other factual findings, we may not disturb them. See id. We, however, afford no deference to the PCRA court's legal conclusions. See id.

Appellant theorized in his PCRA petition that Judge Pozonsky was under the influence of drugs at the time of Appellant's trial. His basis for this hypothesis was the discovery that Pozonsky engaged in cocaine theft while a jurist. Pozonsky directed police officers to deposit cocaine, which had been entered into evidence in cases he presided over, in an evidence locker in his courtroom. See Office of Disciplinary Counsel v. Pozonsky, 177 A.3d 830, 832 (Pa. 2018). Pozonsky then surreptitiously removed cocaine from the locker for his personal use. See id. Shortly after his conduct was discovered, Pozonsky resigned from the bench. See id., at 833. He was arrested and convicted of crimes relating to his theft. See id., at 834. Pozonsky was also disbarred by order of the Pennsylvania Supreme Court. See id., at 832.

As support for his proposition that Pozonsky was under the influence of cocaine while performing his courtroom duties, including Appellant's trial – a premise unsupported by the Supreme Court's lengthy opinion ordering

disbarment – Appellant presented testimony at the PCRA hearing regarding Pozonsky's demeanor at trial. Specifically, Appellant called his sister, Ruth Urwin, who testified that Pozonsky appeared to be "acting funny" and not paying attention to the proceedings. N.T. Hearing, 2/22/17, at 52. Ruth testified that she voiced her concerns to Appellant's attorney, Joseph Francis, after the trial. See id. Ruth conceded she had never interacted with Pozonsky before the trial. See id., at 55.

Attorney Francis also testified. He stated that while he recalled Ruth questioned Pozonsky's demeanor, he dismissed these "because [Pozonsky] always appeared that way." Id., at 18. Francis explained that he had previously been one of Pozonsky's law clerks, and that after his clerkship Francis appeared in Pozonsky's courtroom "at least five or six times each month for a period of ten years." Id., at 16. While Francis agreed Pozonsky appeared "animated" and interjected several times during Appellant's trial, he averred that in his experience, it was Pozonsky's regular practice to ask witnesses questions and that Pozonsky always liked to keep the pace of his courtroom moving quickly. Id., at 16-17. Francis stated Pozonsky had acted that way in his courtroom from the time Francis first met him. See id., at 16.

The Commonwealth likewise presented testimony at the evidentiary hearing about then-Judge Pozonsky's behavior. Paul Schneider, who was counsel for the Commonwealth at Appellant's trial, testified that he appeared in front of Pozonsky almost every day for three years for various proceedings. See id., at 62. Schneider stated that Pozonsky's behavior during Appellant's

trial was "consistent" with the other experiences Schneider had with Pozonsky over the years. Id. Schneider stated nothing about Pozonsky's demeanor at Appellant's trial concerned him or made Schneider believe Pozonsky was under the influence of any illegal substance at the time. See id., at 66.

The PCRA court ultimately found Appellant failed to satisfy his burden of proving the allegation that Pozonsky was under the influence of cocaine at Appellant's trial. See PCRA Court Opinion, filed 5/1/18, at 11. We agree that testimony from the above witnesses at the PCRA hearing does not substantiate Appellant's accusation that Pozonsky was under the influence of cocaine during Appellant's trial.

As the PCRA court notes, Appellant's main source of support for this allegation is Pozonsky's guilty plea to theft of cocaine. See id., at 12. Despite the deplorable nature of Pozonsky's actions, the circumstances of his guilty plea and disbarment do not support Appellant's accusation. In fact, the Pennsylvania Supreme Court's opinion ordering Pozonsky's disbarment emphasizes that Pozonsky's theft was not part of an uncontrollable addiction. See Office of Disciplinary Counsel, 177 A.3d at 846. Rather, the Court dismissed any characterization of Pozonsky's criminal acts as driven by addiction given that he "presented no expert testimony to the Disciplinary Board establishing that he had an addiction to cocaine, or any other psychiatric disorder, which caused him to engage in his thefts and personal use of drug evidence." Id., at 845 (emphasis in original).

Appellant points to no additional information to sustain his theory that Pozonsky was intoxicated during Appellant's trial. We observe that Appellant does not indicate any particular instance in the trial transcripts where Pozonsky acted erratically or otherwise in accordance with Appellant's theory of intoxication. As his first issue is speculative at best, we find Appellant is due no relief. See Commonwealth v. Roney, 79 A.3d 595, 607 (Pa. 2013) (holding a claim based on pure speculation must fail).

Next,[1] Appellant argues his waiver of his right to a jury trial was not knowingly, voluntarily, or intelligently made. This issue is waived, as Appellant could have raised it before post-conviction review and failed to do so. See 42 Pa.C.S.A. § 9544(b); see also Commonwealth v. Miller, 987 A.2d 638, 661 (Pa. 2009) (holding that where appellant failed to object to jury trial waiver as unknowingly or unintelligently made on direct appeal, issue was waived for PCRA review because it could have been raised previously).

Even if Appellant had not waived this issue, he would nevertheless be due no relief. Appellant's bald assertions regarding his jury trial waiver may be construed as an attempt to invoke 42 Pa.C.S.A. § 9543(a)(2)(i). This portion of the PCRA permits challenges to convictions resulting from "a violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of

_____

[1] We have reordered Appellant's second and third issues for ease of disposition.

guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(i). While Appellant frames the waiver of his jury trial rights as unknowing and involuntary based on later revelations about Judge Pozonsky's conduct, nowhere in his PCRA petition or his appellate brief does he allude to circumstances that would suggest "no reliable adjudication of guilt or innocence could have taken place." Id.

Indeed, the evidence available in the certified record and transcripts suggests quite the opposite. As noted in our analysis of his first issue, Appellant has supplied no evidence to demonstrate that Judge Pozonsky was under the influence at the time of trial. Further, we direct particular attention to trial counsel's remarks at the PCRA hearing about Appellant's choice to waive his right to a jury trial. See N.T. Hearing, 2/22/17, at 22-24. Counsel attested that even if he had been aware of Judge Pozonsky's conduct at the time of trial, he would have asked for a new judge to preside over Appellant's case but would not necessarily have advised Appellant to seek a jury trial. See id., at 24.

Counsel stated Appellant had a fear of female jurors sympathizing with the young, female victim. See id., at 23. Counsel also testified that when Appellant asked him to explain how the outcome of his case could differ between a bench and a jury trial, counsel told Appellant that "a judge was better equipped with his legal mind to differentiate between Murder 1 and Murder 3." Id., at 23. Appellant was, of course, convicted of third-degree murder following his bench trial.

In Appellant's final argument, he challenges trial counsel's stewardship. Trial counsel did not file a pre-arrest delay motion despite the 33 years that elapsed between the murder and Appellant's arrest. Appellant concludes the delay was egregious, and counsel provided ineffective assistance by failing to challenge it.

We presume counsel's effectiveness, and an appellant bears the burden of proving otherwise. See Commonwealth v. Brown, 161 A.3d 960, 965 (Pa. Super. 2017). To establish ineffectiveness of counsel, a PCRA petitioner must plead and prove: his underlying legal claim has arguable merit; counsel's actions lacked any reasonable basis; and counsel's actions prejudiced him. See Commonwealth v. Spotz, 18 A.3d 244, 260 (Pa. 2011). Failure to satisfy any prong of the ineffectiveness test requires dismissal of the claim. See Commonwealth v. O'Bidos, 849 A.2d 243, 249 (Pa. Super. 2004). "Arguable merit exists when the factual statements are accurate and could establish cause for relief. Whether the facts rise to the level of arguable merit is a legal determination." Commonwealth v. Barnett, 121 A.3d 534, 540 (Pa. Super. 2015) (citations and internal quotation marks omitted).

The threshold question we must address at the appellate level whenever a defendant raises a due process claim due to pre-arrest delay is whether the defendant suffered actual prejudice from the delay. See Commonwealth v. Scher, 803 A.2d 1204, 1222 (Pa. 2002).

> The court must then examine all of the circumstances to determine the validity of the Commonwealth's reasons for the delay. Only in situations where the evidence shows that the delay

was the product of intentional, bad faith, or reckless conduct by the prosecution, however, will we find a violation of due process. Negligence in the conduct of a criminal investigation, without more, will not be sufficient to prevail on a due process claim based on pre-arrest delay.

Commonwealth v. Jette, 818 A.2d 533, 536 (Pa. Super. 2003) (citation omitted).

Our Supreme Court has found a pre-arrest delay of eleven years constituted actual prejudice. See Commonwealth v. Snyder, 713 A.2d 596, 605-606 (Pa. 1998). However, the Court recognized that the Commonwealth may have valid reasons to justify even a lengthy delay, such as "when an investigation yields new evidence after many years of inactivity," and remanded for evaluation of those reasons by the trial court. Id., at 605.

Here, the murder occurred on February 13, 1977. On June 11, 2009, investigators working in the cold case unit of the Pennsylvania State Police Department submitted items of the victim's clothing and samples taken from the autopsy for DNA testing. The DNA results concluded that Appellant's DNA was on the victim's underwear. DNA tests conducted on other samples were inconclusive, as much of the evidence was too degraded to yield test results. Appellant was then arrested on May 24, 2010.

Appellant claimed in his PCRA petition that this 33-year delay was unconscionable given that the type of DNA test used was available in 1999. He asserted he suffered prejudice due to that lull, as the evidence may have revealed DNA implicating another suspect if not for the Commonwealth's delay in testing. Appellant also averred that because of the gap between the crime

and his arrest, some key witnesses had died and others were unable to recall details of relevant events.

At the PCRA hearing, the Commonwealth presented testimony from a former detective in the Pennsylvania State Police's cold case unit. The investigator testified that the type of DNA test used to analyze the victim's clothing was not available in his unit until 2008 or 2009. See N.T. Hearing, 2/22/17, at 87, 91. He acknowledged that he was uncertain about whether the test was available nationally before that date. See id., at 92.

As the PCRA court aptly notes,

[Appellant] has failed to establish any facts which tend to prove that the Commonwealth deliberately delayed his arrest in order to gain a tactical advantage. … [T]here has been no evidence submitted to this court to suggest that this was the result of any deliberate plan by the State Police to delay DNA testing evidence from a 1977 case in hopes that witness memories would fade just enough for them to convict their suspect. On the contrary, the evidence presented to the lower court shows that the Commonwealth took reasonable steps, at regular intervals throughout the length of the investigation, using the tools available to it at the time, to determine the identity of [the victim's] killer. The simple fact that the testing procedure which ultimately implicated [Appellant] was not in widespread use by the Commonwealth until later than [Appellant] thinks it should have been does not constitute deliberate delay caused to gain a tactical advantage.

PCRA Court Opinion, filed 5/1/18, at 15-16 (citation omitted).

We agree. Even if we accept Appellant's position that the Y-STR testing was available in 1999, he has wholly failed to prove the "intentional, bad faith, or reckless conduct by the prosecution" required to show invalid pre-arrest

delay. Jette, 818 A.2d at 536 (citation omitted). As this issue lacks arguable merit, trial counsel cannot be deemed ineffective for failing to raise it.

Appellant has failed to demonstrate grounds for relief. Accordingly, we affirm the PCRA court's order dismissing his petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/10/2019