J-S10035-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KAREEM TODD | : | |
| | : | |
| Appellant | : | No. 576 MDA 2021 |

Appeal from the PCRA Order Entered April 9, 2021
In the Court of Common Pleas of York County
Criminal Division at No(s):  CP-67-CR-0001288-2015

BEFORE:   MURRAY, J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                         **FILED:  JULY 18, 2022**

Kareem Todd appeals from the order denying his first petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1] **See** 42 Pa.C.S.A. §§ 9541-9546. A jury convicted Todd of third-degree murder and carrying a firearm without a license[2], and he was subsequently sentenced, in the aggregate, to twenty-three and one-half to forty-seven years of incarceration. In the present matter, Todd singularly contends that his direct appeal counsel was *per se* ineffective for failing to have an in-person meeting with him prior to filing that appeal. After a thorough evaluation of the argument Todd has advanced, we find that the cases he has relied upon are too disparate from

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] A hearing preceded the denial of Todd's PCRA petition.

[2] **See** 18 Pa.C.S.A. § 2502(c), and 18 Pa.C.S.A. § 6106(a)(1), respectively

his situation to provide him with relief. Accordingly, because, *inter alia*, we find no validity to his *per se* ineffective assistance of counsel argument, we are constrained to affirm.

The facts underpinning Todd's convictions are not relevant to the present appeal. However, a full recitation of those facts is contained within this Court's unpublished memorandum of his direct appeal. **See Commonwealth v. Todd**, 2017 WL. 4417762, at *1-2 (Pa. Super., filed Oct. 4, 2017) (unpublished memorandum).

Briefly, following an extended argument about drug-selling territory, Todd engaged in gunfire with several other people, which resulted in the shooting death of an individual named Jazz Beady. Thereafter, Todd left the area and traveled to Philadelphia. Eventually, he was arrested some seventeen months later.

At trial, Todd represented himself, but standby counsel was present during the proceedings. Ultimately, while the jury acquitted him of a first-degree murder charge, it still found him guilty of the two aforementioned crimes, with the primary offense being third-degree murder. Correspondingly, the court sentenced him to an aggregate term of twenty-three and one-half to forty-seven years of incarceration.

In his direct appeal, which featured the benefit of counsel,[3] this Court affirmed his judgment of sentence, and our Supreme Court denied his petition for allowance of appeal on April 30, 2018. On June 11, 2019, Todd filed a timely *pro se* PCRA petition,[4] which was subsequently amended by appointed counsel. The court held a hearing on Todd's petition, but then denied it immediately following that event.

Afterwards, Todd filed a timely notice of appeal with this Court. Correspondingly, the relevant parties have complied with their obligations under Pennsylvania Rule of Appellate Procedure 1925. As such, this appeal is ripe for review.

On appeal, Todd presents one question:

1. Did the PCRA court err when it held that appellate counsel was not ineffective, given that appellate counsel failed to meet with Todd, a defendant tried on a capital charge, prior to preparing his appeal?

*See* Appellant's Brief, at 8.

As this is an appeal from the denial of a PCRA petition, we review the record to ascertain whether it supports the PCRA court's findings and, too, whether the order dismissing Todd's petition is otherwise free from legal error.

---

[3] With it being *the* salient issue in this appeal and as would be gleaned during the subsequent PCRA hearing, appellate counsel, who was the same individual as his standby counsel, did not have a face-to-face meeting with Todd prior to submitting any filings. Instead, at the appeal stage, the two communicated "through correspondence[.]" PCRA Hearing, 4/9/21, at 14.

[4] *See* 42 Pa.C.S.A. § 9545(b)(3); U.S. Sup.Ct.R. 13(1).

*See Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014). "Our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the PCRA court level." *Commonwealth v. Medina*, 92 A.3d 1210, 1214 (Pa. Super. 2014) (*en banc*) (citation and brackets omitted). While credibility determinations, if supported by the record, are binding on this Court, we apply a *de novo* standard of review to the PCRA court's legal conclusions. *See id*., at 1214-15.

In its opinion, the PCRA court wrote that Todd's appellate counsel "was sufficiently aware of the meritorious issues to be raised on [direct] appeal and did, in fact, raise those issues. [Appellate counsel] was not ineffective for not meeting [Todd] face to face concerning the appeal." Trial Court Opinion, 7/19/21, at 2.

Given that Todd's issue challenges the effectiveness of his appellate counsel, we are guided by a well-settled set of precepts:

> We presume counsel's effectiveness, and an appellant bears the burden of proving otherwise. To establish ineffectiveness of counsel, a PCRA petitioner must plead and prove: his underlying legal claim has arguable merit; counsel's actions lacked any reasonable basis; and counsel's actions prejudiced him. Failure to satisfy any prong of the ineffectiveness test requires dismissal of the claim. Arguable merit exists when the factual statements are accurate and could establish cause for relief. Whether the facts rise to the level of arguable merit is a legal determination.

*Commonwealth v. Urwin*, 219 A.3d 167, 172 (Pa. Super. 2019) (internal citations and quotation marks omitted).

As he represented himself at trial, the first component of Todd's argument deals with his present ability to assert an ineffective assistance claim. *See* Appellant's Brief, at 18 ("The first issue that must be addressed is whether representing himself at trial in this case, [Todd] forfeited any claims of ineffective assistance of counsel."). We agree with the proposition that a person cannot raise an ineffective assistance claim against himself. *See* ***Commonwealth v. Spotz***, 18 A.3d 244, 270 (Pa. 2011). Moreover, standby counsel, too, cannot be subject to an ineffective assistance claim. *See* ***Commonwealth v. Blakeney***, 108 A.3d 739, 762 (Pa. 2014). However, once counsel "stepped in" to represent Todd for appeal purposes, Todd was thereafter entitled to receive the full benefit of effective assistance of counsel. ***See Commonwealth v. Bryant***, 855 A.2d 726, 738 (Pa. 2004). Accordingly, we see no impediment to Todd's ability to challenge his counsel's assistance.

The second part of his claim, the heart of this appeal, is whether Todd's case falls squarely within the dictates of ***Commonwealth v. Brooks***. *See* 839 A.2d 245 (Pa. 2003). In ***Brooks***, our Supreme Court found that an attorney's failure to meet, in person, with a defendant facing a trial on capital charges, e.g., first-degree murder, amounted to ineffective assistance of counsel. *See* 839 A.2d at 250. The Court explained: "[i]ndeed, the very nature of a capital case, typically quite involved and always subjecting the defendant to the possibility of death, clearly necessitates at least one in-person meeting between a lawyer and his client before trial begins." *Id*., at 249. In addition,

the Court stated that "only a face-to-face meeting allows an attorney to assess the client's demeanor, credibility, and the overall impression he might have on a jury." *Id*. In summary, utilizing the three-pronged ineffective assistance test, the Court determined that the defendant's claim had arguable merit due to the inherent benefits of such a meeting, that his attorney had no reasonable basis for failing to meet with the defendant, and that the defendant was prejudiced because the attorney was unable to "gather information from the client, evaluate the client's demeanor, and try to establish a working relationship." *Id*. at 250.

Todd reads **Brooks** to mean that an attorney is required to have one face-to-face meeting with his client even when counsel "is appointed to represent an individual on direct appeal." Appellant's Brief, at 21. Todd bolsters this proposition through use of this Court's decision in **Commonwealth v. Brown**. 145 A.3d 196 (Pa. Super. 2016). Therein, we emphasized that "counsel representing a defendant in a capital murder trial [must] conduct a substantive, face-to-face consultation with the defendant prior to trial." **Brown**, 145 A.3d at 204 (citation omitted). If that action is not performed, prejudice is presumed, amounting "to ineffective assistance of counsel warranting the grant of a new trial." **Id**., at 204, 207 (citation omitted) (emphasis omitted). Todd believes that because he faced a first-degree murder charge at his trial and the record reflects that, post-trial, there was no

in-person meeting between Todd and his appellate counsel, the **Brooks**/**Brown** presumption of prejudice should have applied. We disagree.

To start, as the Commonwealth points out, Todd's attorney met with him multiple times throughout the continuum of criminal proceedings. **See** Appellee's Brief, at 22; **see also** Appellant's Brief, at 25 ("It is true … that … the record shows that [a]ppellate [c]ounsel did have a face-to-face meeting with [him] prior to trial[.]"). Todd's attorney represented him "during his preliminary hearing and pretrial proceedings[] and filed motions on his behalf. [His attorney] was also present at the entirety of [Todd's] trial as standby counsel, and regularly consulted with [him] before trial." Appellee's Brief, at 22.

More broadly, however, **Brooks**, given its context and the specific language the Court used, does not appear to be applicable to Todd's situation. Given the vital importance of information gathering and demeanor evaluation, **Brooks** only speaks to an attorney's pre-trial obligation in a capital charge case. While an attorney obviously can be ineffective post-trial, **Brooks** does not expound, in any way, on an attorney's responsibilities after the rendering of a verdict and subsequent sentencing.

Here, Todd's attorney was not "prepar[ing] a defense to a charge of murder in the first degree[.]" **Brooks**, 839 A.2d at 250. Instead, Todd's counsel, having had the benefit of being there for all proceedings leading up to his direct appeal coupled with a complete trial and pre-trial record, almost

- 7 -

unquestionably had all of the information that he needed to proceed with his post-trial filings. Moreover, an evaluation of Todd's demeanor post-trial, to the extent Todd's appellate counsel was unaware of his disposition at that point, was practically immaterial given that a jury had already found him guilty, and he had already been sentenced.

As the Commonwealth astutely states: "[a]n appeal is conducted on the basis of a cold record: it is, in an important sense, 'backward-looking' where a trial is forward-looking." Appellee's Brief, at 23. Therefore, we see no reason to apply the *Brooks*/*Brown* presumption of prejudice to a situation where: (a) the case is on direct appeal, rather than pre-trial; (b) counsel was present throughout all of the pre-trial and trial proceedings; (c) counsel, in fact, met in-person with the defendant prior to trial; and (d) the defendant was not actually found guilty of first-degree murder.[5] Simply put, the same concerns repeatedly emphasized *Brooks* about the utility of a pre-trial and in-person meeting with a defendant facing capital charges are not present in this case.

As such, because *Brooks* is inapplicable, Todd would need to demonstrate all three components of the ineffective assistance test. Todd has failed to do this. Even through the most thorough reading of Todd's brief, we

_____

[5] While *Brooks* "does not limit its holding to whether a first-degree murder defendant ultimately receives a sentence of life imprisonment or the death penalty," *Brown*, 1445 A.3d at 207 n.19, given that he was found not guilty of the first-degree murder charge, anything related to that offense has, as best we can discern, nothing to do with his direct appeal.

are unable to recognize *any* amount of prejudice Todd suffered as a result of his direct appeal proceeding in the manner that it did. Moreover, Todd did not discuss *why* his underlying claim has arguable merit. Stated differently, Todd has not shown what an in-person meeting would have accomplished, especially when Todd's appellate counsel was already fully apprised on the minutia of his case, having been there both pre- and during his trial. Therefore, his ineffective assistance of counsel claim necessarily fails.

We agree with Todd that an appellant "must be allowed the right to have an appeal aided by competent counsel." ***Commonwealth v. Albert***, 561 A.2d 736, 738 (Pa. 1989). However, while it is clearly good practice, or even advisable, for an attorney to have at least one in-person meeting with his client prior to filing documents for appeal purposes,[6] we do not read ***Brooks*** to *per se* require appellate counsel to operate in that manner.

Order affirmed.

_____

[6] Seeming to cut against his own argument, Todd spends the last paragraph of his brief recognizing that "once a defendant has reach the appellate stage of a case where first-degree murder was at issue[,] it is likely that he is incarcerated in a [s]tate [c]orrectional [i]institution that is not necessarily in the same jurisdiction where appellate counsel practices[.]" Appellant's Brief, at 29. Todd continues: "[g]iven the practical issues at play, [he] would argue that the consultation required of appellate counsel should not be face to face but instead be required to allow for a verbal back and forth that would be possible at a face-to-face meeting such as a telephone call or video conference." ***Id***., at 29-30.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  07/18/2022