J-S14012-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBERT JAMES BALL, JR. | : | |
| | : | |
| Appellant | : | No. 1438 WDA 2021 |

Appeal from the PCRA Order Entered October 28, 2021
In the Court of Common Pleas of Somerset County Criminal Division at
No(s):  CP-56-CR-0000729-2019

BEFORE:   McLAUGHLIN, J., McCAFFERY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY McLAUGHLIN, J.:                 **FILED: AUGUST 15, 2022**

Robert James Ball, Jr. appeals the denial of his Post Conviction Relief Act ("PCRA") petition. 42 Pa.C.S.A. §§ 9541-9546. He argues that the court erred in rejecting his ineffectiveness claims. Ball also alleges that the PCRA court erred by not ensuring his attendance at a hearing. We affirm.

A jury convicted Ball of corruption of minors and harassment.[1] The charges were based on an incident in which Ball rubbed the then-11-year-old victim's inner thigh and genital area while swimming in a public recreation area. He also offered her alcohol and a ride on his motorcycle. The court sentenced him to 24 months to five years of incarceration, in November 2020. Ball did not file a post-sentence motion and did not appeal.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 6301(a)(1)(i) and 2709(a), respectively.

In January 2021, Ball filed the subject *pro se* PCRA petition. The court appointed counsel who later filed a motion to withdraw, which the court granted. The court appointed new counsel who filed an amended petition. The court held a hearing to determine whether it should grant an evidentiary hearing. The court did not take evidence at the hearing. The court noted that though it had requested Ball's attendance via Zoom, an issue had occurred, and the prison had not arranged Ball's attendance through Zoom.

> Let me place on the record first there appears to have been a snafu here relative to the Department of Corrections providing us the appropriate link for Mr. Ball to participate today. I don't have a link and we could not set a Zoom up ourselves. The Department of Corrections requires that they only set up their own Zoom links, so Mr. Ball has not been -- or at least is not being made available by Camp Hill for the argument today.

N.T., PCRA Hearing, 10/13/21, at 2.

PCRA counsel stated that Ball wanted to attend the hearing. Counsel also said he did not "have any evidence to present from him as my understanding is this is a Preliminary Hearing and not an Evidentiary Hearing," and conceded that he did not need Ball to go forward at the hearing. ***Id.***

The court then proceeded with the hearing without an objection from PCRA counsel regarding Ball's inability to attend. PCRA counsel expressed to the court the issues that Ball wished to raise. These issues included claims of ineffective assistance of counsel for failing to correct the court at sentencing, or file a post-sentence motion, regarding alleged errors in the Pre-Sentencing Investigation ("PSI") report and the court's reliance on facts not in evidence.

Following argument from both parties, the court held the case under advisement. It later issued an order denying the PCRA petition without an evidentiary hearing. It concluded that Ball's ineffectiveness claims were meritless because he could not prove prejudice. This timely appeal followed.

Ball raises the following issues:

I.      Was the Appellant/Defendant, Mr. Ball, denied due process under the federal and state constitutions by not being permitted to participate in the PCRA "preliminary hearing"/"rule to show cause" hearing of October 13, 2021, including even by audio-visual technology?

II.     Did the trial court err by denying Defendant's/Mr. Ball's [PCRA] Petition claim that trial counsel was ineffective for failure to argue, at sentencing or by subsequent post-sentence motion, that Mr. Ball's sentence should have been reduced due to errors or mischaracterizations in the PSI report?

III.    Did the trial court err by denying Defendant's/Mr. Ball's [PCRA] Petition claim that trial counsel was ineffective for failure to argue that his sentence should have been reduced because the trial court took into account, for sentencing purposes, references to alleged "grooming behavior" on the part of [Ball], allegedly perpetuated against the child victim, which were not in evidence at trial?

IV.     Did the trial court err by denying Defendant's/Mr. Ball's [PCRA] Petition claim that trial counsel was ineffective for failure to argue that his sentence should have been reduced because the trial court took into account, for sentencing purposes, alleged "extreme trauma" and "need for counseling" for the victim, allegedly occurring as a result of [Ball's] behavior, without evidence that said "extreme trauma" or "need for counseling" was the result of the behavior for which [Ball] was convicted?

Ball's Br. at 2-4 (suggested answers omitted).

We review the denial of PCRA relief to determine whether the factual conclusions of the court are supported by the record and if the court committed legal error. **See Commonwealth v. Pew**, 189 A.3d 486, 488 (Pa.Super. 2018).

Ball first argues that the court encroached upon his due process rights when it proceeded with a hearing without him. He alleges that because he was not present, he was not able to participate in the hearing and his participation would have contributed to the fairness of the hearing. He maintains that he had a right to be present at the hearing and that under **Commonwealth v. Hunsberger**, 58 A.3d 32 (Pa. 2012), this right was impugned.

A defendant has a right to be present "at every stage of the *trial* including the impaneling of the jury and the return of the verdict, and at the imposition of sentence[.]" Pa.R.Crim.P. 602(A) (emphasis added). There is also a rule-based right for a defendant to be present at a PCRA evidentiary hearing. **See** Pa.R.Crim.P. 908(C).

Here, all parties agreed on the record that the hearing at issue was not an evidentiary hearing. The court stated that though an order was submitted to the prison facility to conduct the hearing via an audio-visual system, Ball's prison facility was not able to comply with the request. PCRA counsel did not object to proceeding with the hearing without Ball. PCRA counsel informed the court that Ball wanted to be present and that without talking with Ball, he could not say whether Ball would want counsel to proceed without him. The

court proceeded with the hearing and counsel did not object to proceeding with the hearing in Ball's absence. As such, the claim is waived. Furthermore, even if counsel had objected, because the hearing was after the trial and sentencing and was not an evidentiary hearing, there was no right for Ball to be present, and his citation to **Hunsberger** is unavailing. **See Hunsberger**, 58 A.3d at 61-62.

Ball's three remaining claims challenge his counsel's effectiveness. Counsel is presumed effective. A petitioner may overcome this presumption by pleading and proving that the underlying legal claim has arguable merit; counsel's action or inaction lacked any reasonable basis; and counsel's failing prejudiced the petitioner. **See Commonwealth v. Urwin**, 219 A.3d 167, 172 (Pa.Super. 2019). Prejudice exists where the petitioner shows that but for counsel's action or inaction, there is a reasonable probability that the outcome of the proceeding would have been different**. See Commonwealth v. Spotz**, 84 A.3d 294, 312 (Pa. 2014). In this context, a reasonable probability is one sufficient to undermine confidence in the outcome of the proceeding. **Id.** If the petitioner does not prove all three of the ineffectiveness prongs, we must reject the claim. **Commonwealth v. Daniels**, 963 A.2d 409, 419 (Pa. 2009).

Ball claims that counsel provided ineffective assistance during his sentencing hearing. He claims that counsel was ineffective for failing to argue for a reduction of his sentence due to allegedly erroneous information in the PSI. Ball alleges that multiple items in the PSI were incorrect, such as the number of counts with which the Commonwealth charged him in a prior case,

a statement that he did not complete any programming when he was previously incarcerated, and an incorrect age of the victim, listing it as 12 instead of 11. He maintains that if he had known about these errors, he would have asked counsel to correct the record at the sentencing hearing or file a post-sentence motion. He maintains that had counsel notified the court of these errors, he could have received a lower sentence.

The court concluded that Ball failed to show prejudice. It maintained that the errors did not affect Ball's sentence. Notably, the PCRA court presided over Ball's trial and sentencing. It concluded that though there was a misstatement about a prior conviction, it was correctly referenced in another section of the PSI. The court also noted that none of the alleged errors would have affected Ball's prior record score and that Ball recognized as much.

We agree that Ball failed to show prejudice. The number of counts in a prior case was correctly noted elsewhere in the PSI and in any event would not have changed the guidelines ranges. Similarly, a misstatement of the victim's age by one year would not reasonably change the court's sentencing calculus. Ball claims the difference between the victim being 11 or 12 "call[s] into question the reliability of the PSI with regard to victim impact." Ball's Br. at 17. However, Ball does not explain how that it is so, and we do not see it. We perceive no material difference between the victim being 11 or 12, in terms of the impact on the victim or otherwise for purposes of sentencing.

As for the statement regarding his completion of programming, Ball objects to the statement in the PSI that while he was previously incarcerated

for indecent assault, Ball "did not complete any programming and refused to participate in Sex Offender treatment." *Id.* at 15. Ball "submit[s] that he participated in all programs which did not require him to admit to having committed a sex offense which he did not feel that he did." *Id.* at 15-16. He also faults the PSI for failing to state that he allegedly completed work-release furloughs and commercial driver's license training. *Id.* at 15. We again do not see a material effect on sentencing. Participation in furloughs and job training, and a refusal to participate in sex offender treatment, even where Ball allegedly did so out of a desire not to admit to an offense he felt he did not commit, is not sufficient to show prejudice. The alleged errors in the PSI were not sufficient – singly or in combination – to undermine confidence in the outcome of the proceeding. The court did not err in rejecting this claim.

Ball also claims ineffectiveness for not objecting to the sentencing court's reliance on facts not in evidence. He alleges that counsel failed to object to the sentencing court's describing his behavior toward the victim as "grooming." He alleges that the comment was based on a statement during trial that Ball had told the victim that he would take her away and/or marry her. Ball states that the victim never gave any such testimony, although another witness testified that the victim had said that Ball had made the statement, and the Commonwealth argued it in its closing. Ball alleges that counsel was ineffective for not filing a post-sentence motion addressing or correcting the court's statement at the time of sentencing.

As with the prior claim, the PCRA court concluded that Ball failed to prove prejudice. It maintained that Ball's behavior toward the victim could be characterized as grooming. The court determined that it was clear from the evidence that Ball's offering the victim alcohol and telling the victim and her mother that he would take the victim on his motorcycle were attempts to build trust and gain access to the child. It also concluded that counsel objecting to the comment would not have changed its determination of the appropriate sentence.

We again agree that Ball failed to show prejudice. At the sentencing hearing, the trial court stated that the Commonwealth had suggested that Ball made efforts to groom the child and that "there was a suggestion about the possibility of: You are the kind of person I could marry or something[.]" **See** N.T., Sentencing, 11/6/20, at 16, 17. The court's statement at sentencing was evidently an attempt to summarize the Commonwealth's characterization of this aspect of the evidence and was not a finding of "grooming" in its technical sense. This single reference by the court, in the context of the entire sentencing proceeding, is not sufficient to undermine confidence in the outcome of the proceeding.

For his final claim, Ball maintains that the court considered facts not in evidence when it mentioned the "extreme fear, trauma, and anxiety" the victim experienced because of Ball's actions. He notes that this statement was also contained in the recommendations from the probation department. However, he states that there was no evidence that the victim's mental status

was due to his actions. Though the PSI referenced that the victim had attended counseling, Ball argues that it is not clear that he was the cause. As such, he argues counsel was ineffective for neither correcting the court's statement nor filing a post-sentence motion.

Here, Ball again fails to show prejudice. The court's statement about the victim's mental status appears to be a reference to a portion of the Recommendations Sheet of the Somerset County Adult Probation. The basis of this portion of the report is unclear. However, the victim stated at sentencing that she was there "to make sure that [Ball] does not hurt any other little girls like he – the way he hurt me." N.T., Sentencing at 10. As the trial court explained, it is "self-evident that an 11-year-old child would be frightened" by the events at issue. Memorandum and Order, filed 10/28/21, at 5. As there was no claim the victim sustained physical harm, the victim's reference to Ball's having "hurt" her gave the court a basis on which to state that she suffered fear, trauma, and anxiety as a result of Ball's actions. Ball's final claim fails for lack of prejudice.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/15/2022