J-S06001-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| VALNN D. SPEARS | : | |
| | : | |
| Appellant | : | No. 1850 EDA 2023 |

Appeal from the PCRA Order Entered June 20, 2023
In the Court of Common Pleas of Monroe County Criminal Division at
No(s): CP-45-CR-0000934-2018,
CP-45-CR-0001307-2018

BEFORE: DUBOW, J., McLAUGHLIN, J., and SULLIVAN, J.

MEMORANDUM BY DUBOW, J.: **FILED JULY 12, 2024**

Appellant, Valnn Spears, appeals from the June 20, 2023 order entered in the Monroe County Court of Common Pleas denying his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46, as meritless. Appellant raises ineffective assistance of counsel claims. After careful review, we affirm.

**A.**

We glean the following relevant factual and procedural history from the PCRA court opinion. On May 7, 2018, the Commonwealth charged Appellant at docket number CP-45-CR-0000934-2018 ("934-2018") with various offenses relating to the sexual abuse of his minor child, E.S., between 2008 and 2015. On June 21, 2018, the Commonwealth also charged Appellant at

docket number CP-45-CR-0001307-2018 ("1307-2018") with various offenses relating to the sexual abuse of his minor child, M.S., between 2008 and 2013.[1]

On June 25, 2018, the Commonwealth filed a motion to allow E.S. and M.S. to testify via video during the trial. The court held a hearing on the motion ("the alternative methods hearing") on July 31, 2018, during which E.S., M.S., and their therapist testified. At that time, M.S. was 15 years old and E.S. was 13 years old. Relevantly, Appellant's counsel, Eric Closs, Esq., asked E.S. whether his mother had told him why he was in court that day. E.S. responded that his mother had only told him that he was there to explain that he was afraid to testify in front of Appellant. The court granted the motion.

Appellant proceeded to trial on December 5, 2018. Several witnesses testified for the Commonwealth, including M.S. and E.S.

On December 6, 2018, the Commonwealth made an oral motion to amend the Information at docket number 1307-2018 based on M.S.'s testimony from the previous day. The court granted the motion and permitted the Commonwealth to add one count each of Rape of a Child and Involuntary Deviate Sexual Intercourse ("IDSI") with a Child, and to amend Attempted Aggravated Indecent Assault to Aggravated Indecent Assault. Attorney Closs did not object to the amendment because "[M.S.'s] testimony is what it is." N.T. Trial, 12/6/18, at 9.

_____

[1] M.S. was born in November of 2002, and E.S. was born in March of 2005.

On December 7, 2018, the Commonwealth again moved to amend the information at docket number 1307-2018. The court granted the motion, and the Commonwealth added one count of Endangering the Welfare of Children. On the same day, the jury convicted Appellant of all charges.[2]

On April 26, 2019, the court sentenced Appellant to an aggregate term of 44 years, 8 months to 148 years, 4 months of incarceration. On April 14, 2021, this Court affirmed Appellant's judgment of sentence at both docket numbers. *Commonwealth v. Spears*, 2021 WL 1402269 (Pa. Super. Apr. 14, 2021) (unpublished memorandum). Appellant did not seek review from the Supreme Court of Pennsylvania.

On January 1, 2022, Appellant *pro se* filed a timely PCRA Petition asserting the ineffectiveness of his trial counsel, Attorney Close. The court appointed counsel, who filed an Amended PCRA Petition on October 5, 2022. In the amended petition, Appellant claimed, *inter alia*, that Attorney Close provided ineffective assistance because he failed to request a competency hearing to investigate whether adult influence had tainted the victims' memories, did not file a motion in *limine* to preclude the admission of a logbook that Appellant kept during treatment, and did not object to the late

---

[2] The jury convicted Appellant of two counts each of Rape of a Child, IDSI with a Child, Indecent Assault, Unlawful Contact with Minor, Endangering Welfare of Children, Corruption of Minors, and Indecent Exposure, and one count each of Incest, Disseminating Explicit Sexual Materials to a Minor, Aggravated Indecent Assault, and Indecent Exposure in violation of 18 Pa.C.S. §§ 3121(c), 3123(b), 3126(a)(7), 6318(a)(1), 4304(a)(1), 6301(a)(1), 3127(a), 4302, 5903(c)(1), 3125(a)(7), and 3127(a), respectively.

amendments to the bills of information. Amended PCRA Petition, 7/5/22, at ¶¶ 14, 20, 32-33. He also maintained that the late amendments prevented Appellant from requesting a bill of particulars, which would have required the Commonwealth to narrow the time frame and location of the allegations. *Id.* at 32-33.

The PCRA court held two hearings at which Attorney Close and two of Appellant's friends, Stephen Quinn and Kathleen Brooks, testified. Relevantly, Attorney Close testified that his trial strategy was to establish that the victims "were lying and they were motivated by an extremely sour family relationship." N.T. PCRA Hr'g, 10/31/22, at 7-8. He explained that Appellant had told him that Appellant's wife (the victims' mother) and mother-in-law held religious beliefs that opposed homosexuality, which motivated his wife to "persecute" him.[3] *Id.* at 9. Attorney Close also testified that, based on this, he considered seeking a taint hearing. However, he concluded that "it didn't seem to [him] that there was enough to suggest" taint. *Id.* at 15.

Attorney Close also testified that he did not file a bill of particulars because the allegations "were spread over a fair amount of time" and he "did not feel that that would help because the real issue was the credibility of the [] victims." *Id.* at 20. He further explained that he did not object to the Commonwealth's motion to amend the Information because "from [his] view they had the evidence in the allegations to make out that charge and so I

_____

[3] Appellant asserts that he is a "former homosexual." Appellant's Br. at 4.

didn't think it was worth while [*sic*] to object." ***Id.*** Finally, Attorney Closs testified that he did not think it was necessary to file a pretrial motion in *limine* to exclude a logbook that Appellant kept while he was in a treatment program. He stated that he instead objected to its admission at trial, but the court admitted it over his objection.[4]

Additionally, Ms. Brooks and Mr. Quinn testified to their knowledge of the problems within the Spears' marriage and Appellant's poor relationship with his mother-in-law. Ms. Brooks also testified that she suggested that Attorney Closs speak with an expert on parental alienation, Dr. Craig Childress.

Following the hearings and submission of briefs, the court denied Appellant's PCRA petition in an Opinion and Order issued on June 20, 2023.

**B.**

This timely appeal followed. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.[5]

Appellant raises the following issues for our review:

_____

[4] At the PCRA hearing, Attorney Closs could not recall the basis for his objection, but the record reveals that he first challenged the relevance and prejudicial effect of the logbook during a sidebar discussion, then objected based on authenticity in open court, and then renewed his objection on "all previous bases" immediately before the court admitted the logbook. N.T. Trial, 12/5/18, at 228, 232, 234.

[5] In its Rule 1925(a) Opinion, the PCRA court referred this Court to its June 20, 2023 Opinion and Order denying Appellant's PCRA petition for its reasoning. PCRA Ct. Op., 8/8/23, at 3-4.

I.     Whether trial counsel's failure to file for a bill of particulars in a child sexual assault case rendered [*sic*] [Appellant] ineffective assistance of counsel where Commonwealth amended criminal information(s) on the eve of trial.[6]

II.    Whether trial counsel's failure to file for a taint hearing where the two alleged victims were claiming sexual assault from ages "3" – "8" and "8-13" rendered [*sic*] [Appellant] ineffective assistance of counsel.

III.   Whether trial counsel was ineffective for not litigating pre-trial a motion in *limine* as to the admission of a certain unauthenticated logbook presumably kept by [A]ppellant during substance abuse recovery wherein among other things it suggested that [A]ppellant had sexual relations with the family dog.

Appellant's Br. at 2.

## C.

We review an order denying a petition for collateral relief to determine whether the PCRA court's decision is supported by the evidence of record and free of legal error. ***Commonwealth v. Fears***, 86 A.3d 795, 803 (Pa. 2014). "This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings." ***Commonwealth v. Anderson***, 995 A.2d 1184, 1189 (Pa. Super. 2010).

To prevail on a petition for PCRA relief, a petitioner must plead and prove by a preponderance of the evidence that his conviction or sentence resulted from one or more of the circumstances enumerated in 42 Pa.C.S. § 9543(a)(2). These circumstances include ineffective assistance of counsel

---

[6] While Appellant's question suggests that the Commonwealth amended the information "on the eve of trial[,]" the record demonstrates that it added the charges on the second and third days of the trial.

- 6 -

which "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9543(a)(2)(ii).

The law presumes counsel has provided effective assistance. *Commonwealth v. Rivera*, 10 A.3d 1276, 1279 (Pa. Super. 2010). "[T]he burden of demonstrating ineffectiveness rests on [the] appellant." *Id.* To satisfy this burden, the appellant must plead and prove by a preponderance of the evidence that: (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) "there is a reasonable probability that the outcome of the challenged proceeding would have been different" absent counsel's error. *Commonwealth v. Fulton*, 830 A.2d 567, 572 (Pa. 2003). Failure to satisfy any prong of the test will result in rejection of the appellant's claim. *See id.*

With respect to the first prong, a claim has arguable merit "when the factual statements are accurate and could establish cause for relief." *Commonwealth v. Urwin*, 219 A.3d 167, 173 (Pa. Super. 2019) (citation omitted). "Whether the facts rise to the level of arguable merit is a legal determination." *Id.* (citation omitted). Importantly, "[c]ounsel will not be deemed ineffective for failing to raise a meritless claim." *Commonwealth v. Spotz*, 896 A.2d 1191, 1210 (Pa. 2006).

"To establish the prejudice prong, the petitioner must demonstrate that there is a reasonable probability that the outcome of the proceedings would

have been different but for counsel's ineffectiveness." *Commonwealth v. Busanet*, 54 A.3d 35, 46 (Pa. 2012). Importantly, "counsel cannot be deemed ineffective for failing to raise a meritless claim." *Fears*, 86 A.3d at 804.

**D.**

Appellant first asserts that Attorney Closs was ineffective because he failed to request a bill of particulars, and the Commonwealth amended the criminal information to add charges on the "eve of trial." Appellant's Br. at 4. He also maintains that Attorney Closs was ineffective for failing to object to the amendments because the amendments added the "most serious and egregious charges" on the "eve of trial[,]" and, thus, were highly prejudicial to him. *Id*. at 5-6.

"The traditional function of a bill of particulars is to clarify the pleadings and to limit the evidence which can be offered to support the information." Pa.R.Crim.P. 572 cmt. A bill of particulars "is intended to give notice to the accused of the offenses charged in the [information] so that he may prepare a defense [or] avoid a surprise. . . ." *Commonwealth v. Champney*, 832 A.2d 403, 412 (Pa. 2003) (citation omitted). Finally, a bill of particulars does not amend an information, but rather limits the Commonwealth's proof at trial. *Commonwealth v. Dimmig*, 456 A.2d 198, 200-01 (Pa. Super. 1983).

First, Appellant's argument that Attorney Closs's failure to request a bill of particulars somehow permitted the Commonwealth to amend the

information during trial is unavailing. Appellant fails to explain the logic of this claim and does not support it with any case law suggesting that a bill of particulars would have prevented the Commonwealth from amending the information. Appellant's Br. at 4.

Furthermore, in the Argument section of his brief, Appellant asserts that a bill of particulars was necessary for additional reasons, such to narrow the time frame for the crimes, but in his Statement of Questions Involved, Appellant asserts only that Attorney Closs was ineffective for failing to request a bill of particulars because the Commonwealth amended the information. Appellant's Br. at 2, 12-13. It is well established that "[n]o question will be considered unless it is stated in the statement of questions involved or is **fairly suggested thereby**." Pa.R.A.P. 2116(a) (emphasis added). Since this question pertaining to the narrowing of the time frame is not fairly suggested by the Statement of Question Involved, we decline to address it. Accordingly, Appellant's claim that Attorney Closs was ineffective for failing to request a bill of particulars lacks merit.

*

In the same section of his brief, Appellant also asserts that Attorney Closs was ineffective for failing to object to the Commonwealth's amendment to the information during trial. The trial court may allow the Commonwealth to amend a criminal information if it "does not charge offenses arising from a different set of events and [ ] the amended charges are not so materially different from the original charge that the defendant would be unfairly

prejudiced." Pa.R.Crim.P. 564. In determining whether an amendment prejudiced a defendant, the court considers, *inter alia*, whether "a change in defense strategy was necessitated[.]" **Commonwealth v. Roser**, 914 A.2d 447, 454 (Pa. Super. 2006) (citation omitted). If there is no prejudice, the Commonwealth may amend an information during trial. **See id.** (allowing amendment just prior to closing arguments).

*

The PCRA court found that the amendments did not prejudice Appellant because the new charges "related to the original charges[,]" "relied upon the testimony of the same witnesses[,]" and involved the same general trial strategy. Opinion and Order at 14.

We conclude that the record supports the PCRA court's determination that Attorney Closs's failure to object to the amendments did not prejudice Appellant. First, Attorney Closs and Appellant had already heard the evidence supporting the amendments, M.S.'s testimony[7] given prior to the amendments, and decided not to object because he determined that M.S.'s testimony was sufficient to support the new charges. N.T. Trial, 12/6/18, at 9. Moreover, Attorney Closs testified at the PCRA hearing that the additional charges did not alter his defense strategy of challenging the victims' credibility. N.T. PCRA Hr'g at 19-20. The PCRA court found Attorney Closs credible. Opinion and Order at 4. This Court will not disturb a trial court's

_____

[7] The Commonwealth only added charges at docket number 1307-2018, which pertained to the abuse of M.S.

credibility determinations. *See Commonwealth v. Spotz*, 18 A.3d 244, 259 (Pa. 2011) (reiterating that "[t]he PCRA court's credibility determinations, when supported by the record, are binding on this Court.").

Accordingly, we conclude that Appellant has failed to demonstrate that Attorney Close was ineffective for failing to object to the amendments to the information. Appellant's first claim, thus, lacks merit.

**E.**

Appellant next argues that Attorney Close was ineffective for failing to request a taint hearing. Appellant's Br. at 16. He contends that the taint hearing was necessary because his defense was that his wife and mother-in-law "turned his children against him" due to his former homosexuality and problems with substance abuse, but that "[n]one of these influences were examined by trial counsel." *Id.* He asserts that Attorney Close could have presented an expert on parental alienation at a taint hearing and called three friends, including Mr. Quinn and Ms. Brooks, who would have testified regarding Appellant's marriage and family issues.[8] *Id.* at 23-27.

*

Taint is "the implantation of false memories or the distortion of real memories caused by. . .interested adults, that are so unduly suggestive and coercive as to infect the memory of the child, rendering that child incompetent

---

[8] Appellant did not present testimony from either the third friend, Debbie Clark, or the parental alienation expert, Dr. Craig Childress, at his PCRA hearing.

to testify." ***Commonwealth v. Delbridge***, 855 A.2d 27, 35 (Pa. 2003). Generally, a court evaluates an allegation of taint at a competency hearing. ***Id.*** at 40. The proponent of the claim first bears the burden of establishing "some evidence" of taint "to trigger an investigation of competency." ***Id.*** at 39.

In analyzing whether a party has established "some evidence" of taint, the trial court considers the totality of the circumstances around the child's allegations. ***Id.*** at 41. Some relevant factors are the child's age, "the existence of a motive hostile to the defendant on the part of the child's primary custodian[,]" and the circumstances of the interview. ***Commonwealth v. Judd***, 897 A.2d 1224, 1229 (Pa. Super. 2006).

After meeting that threshold requirement, the proponent of the claim then must meet the ultimate burden of demonstrating taint by clear and convincing evidence. ***Delbridge***, 855 A.2d at 40. As our Supreme Court has explained,

> a question of taint corrupting the actual memory of the witness speaks to competency, not credibility. It is not a question of whether the child is telling the truth, but rather whether the child's memory has been so infected by the implantation of distorted memories so as to make it difficult for the child to distinguish fact from fantasy.

***Id.*** at 42. Thus, in deciding the issue of taint, the court must determine is whether the child's memory has been corrupted, not whether they are telling the truth. ***Id.*** at 40.

Finally, taint becomes "less relevant as a witness's age increases," and is "totally irrelevant as a matter of law by age fourteen[.]" **Judd**, 897 A.2d at 1229.

\*

The PCRA court found that this claim lacks arguable merit. Opinion and Order at 17. Specifically, it found that Attorney Closs investigated possible taint through discussions with Appellant, the defense investigator, witnesses, and a church bishop, but decided that there was "little evidence" of taint. **Id.** at 15. Moreover, the court noted that taint is only relevant to children under 14 years old, *i.e.*, E.S., who was 13 at the time of trial, and that Appellant failed to establish in his PCRA petition how the church or Appellant's wife and mother-in-law influenced E.S.'s testimony. **Id.** at 16. Finally, the court noted that Attorney Closs questioned E.S. at the alternative methods hearing regarding whether his mother told him what to say, but that "at the hearing and trial, E.S. demonstrated the ability to communicate clearly, accurately recall [] events, and understand the necessity to speak the truth." **Id.** at 17. Accordingly, the PCRA court concluded that Attorney Closs properly determined that E.S. was competent to testify, and thus, a taint hearing was unnecessary. **Id.**

We agree with the PCRA court that Appellant has failed to demonstrate that the issue underlying this ineffectiveness claim has arguable merit. M.S. was 15 when he testified, and a taint hearing was, therefore, not necessary

to establish M.S.'s competency. Furthermore, it was the jury's prerogative to determinate whether his testimony was credible.

Regarding E.S., we also conclude that this claim lacks arguable merit. First, E.S. was 13 years old when he testified. While taint is relevant for witnesses younger than 14 years old, it becomes less relevant as a witness approaches 14 years old. *Judd*, 897 A.2d at 1229. Furthermore, Attorney Closs testified that he explored a possible taint issue but determined that there was none. N.T. PCRA Hr'g, 10/31/22, at 15. The court found this testimony credible. Opinion and Order at 4.

Finally, although Appellant identifies several witnesses whom he wanted Attorney Closs to interview and potentially call at a taint hearing due to their knowledge of Appellant's marital and family problems, he failed to establish that any of these witnesses could testify to any "suggestive or coercive" actions taken by Appellant's family members to distort E.S.'s memories or implant false memories. Accordingly, because Appellant failed to provide any evidence of taint to establish that counsel should have sought a competency hearing, he failed to demonstrate that his underlying claim has merit. Accordingly, this ineffectiveness argument fails to garner relief.

**F.**

In his final claim, Appellant asserts that Attorney Closs was ineffective for failing to file a pre-trial motion in *limine* to exclude the logbook that Appellant kept during substance abuse treatment. Appellant's Br. at 27.

Specifically, he asserts that the logbook was highly prejudicial, and that the trial court abused its discretion in admitting it. ***Id.*** at 34.

The PCRA court determined that Attorney Closs objected to the admission of the logbook based on relevance, prejudice, and authenticity during trial. Opinion and Order at 27. Moreover, it found that this course of action was reasonable because a successful objection "would have had a preventative effect identical to [a successful] motion *in limine*." ***Id.*** at 27.

We agree with the PCRA court. In his brief, Appellant attempts to litigate the underlying admissibility of the logbook. Appellant's Br. at 27-35. He does not assert any grounds for objection that Attorney Closs failed to raise at trial[9] or establish how he suffered prejudice from Attorney Closs's decision to object at trial rather than file a motion in *limine*. As the trial court aptly noted, a successful objection at trial would have had the same effect as a successful motion in *limine*. Opinion and Order at 27. Accordingly, Appellant has failed to demonstrate prejudice, and this ineffectiveness claim lacks merit.

**G.**

We conclude that all issues Appellant raises lack merit and he has failed to demonstrate that trial counsel provided ineffective assistance. Accordingly, we affirm the PCRA court's order dismissing Appellant's PCRA petition.

Order affirmed.

---

[9] Appellant asserts in his brief that Attorney Closs failed to challenge the probative value of the logbook. Appellant's Br. at 34. However, the record belies this assertion because, as discussed above, Attorney Closs argued that the logbook was irrelevant. N.T. Trial, 12/5/18, at 228.

- 15 -

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary


Date: <u>7/12/2024</u>