J-S32015-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| WANYAI AHMERE PARKER | : | |
| | : | |
| Appellant | : | No. 379 MDA 2023 |

Appeal from the PCRA Order Entered February 21, 2023
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0004873-2020

BEFORE: DUBOW, J., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY DUBOW, J.: **FILED OCTOBER 24, 2023**

Appellant Wanyai Parker appeals *pro se* from the February 21, 2023 Order denying his motion for relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46. He raises two layered ineffective assistance of counsel claims. After careful review, we affirm the PCRA court's denial of relief on Appellant's challenge to plea counsel's guidance when Appellant pled guilty, but remand for an evidentiary hearing on Appellant's challenge to the failure of plea counsel to file a direct appeal.

**A.**

The relevant facts and procedural history are as follows. On November 12, 2021, while represented by Rian Thompson, Esq., Appellant entered an open guilty plea to one count each of Criminal Attempt—Homicide, Persons Not to Possess Firearms, Burglary, and Discharging a Firearm into an Occupied Structure; two counts each of Robbery and Simple Assault; and three counts

of Recklessly Endangering Another Person.[1] At the plea hearing, the trial court conducted a thorough on-the-record colloquy during which Appellant confirmed, *inter alia*, that he was not under the influence of alcohol or drugs, and that he had completed the written guilty plea colloquy.[2] The court accepted Appellant's plea and ordered a pre-sentence investigation. On January 20, 2022, Appellant received an aggregate sentence of 15 to 30 years' incarceration.

Appellant filed a counseled post-sentence motion challenging the discretionary aspects of his sentence, which the court denied on January 27, 2022. Neither Appellant nor his counsel filed a notice of appeal. Appellant's judgment of sentence became final on February 28, 2022.

On August 16, 2022, Appellant filed a timely *pro se* PCRA petition. On the standard PCRA form petitioning the court, he indicated that he wanted to raise claims implicating the constitutionality of his trial court proceeding, ineffective assistance of counsel, and the legality of his sentence. Although Jonathan Chieppor, Esq., had entered his appearance on August 29, 2022, the docket indicates that on September 1, 2022, the court appointed his law

---

[1] On September 26, 2020, Appellant entered his former girlfriend's apartment without permission and fired several shots at the occupants. He was statutorily prohibited from possessing a firearm.

[2] During the verbal colloquy, the court asked Appellant whether he was "under the influence of any alcohol or drugs[,]" to which Appellant responded "no." N.T. Plea Hr'g, 11/12/21, at 3. On the written plea colloquy, Appellant answered "yes" to question of whether he has been or is now being treated for a mental illness, and "no" to whether that medication affected his ability to understand the colloquy questions. Guilty Plea Colloquy, 11/4/21, at 1.

partner, Alexander Egner, Esq., to represent Appellant and permitted him to file an amended PCRA petition. Nevertheless, Attorney Chieppor continued to represent Appellant and filed a motion requesting an extension of time to file an amended petition.

Although the court granted the motion to file an amended petition, Attorney Chieppor instead filed a Petition to Withdraw as Counsel and a **Turner**/**Finley** no-merit letter.[3] In his letter, Attorney Chieppor characterized the issue that Appellant raised *pro se* as one challenging plea counsel's stewardship for allegedly failing to inform Appellant of certain sentencing enhancements, which allegedly resulted in the trial court imposing an illegal sentence. **See Turner**/**Finley** Letter, dated 11/21/22, at 2 (unpaginated).[4] Appellant did not respond. On January 31, 2023, the PCRA court issued a Pa.R.Crim.P. 907 notice informing Appellant of its intent to dismiss Appellant's petition without a hearing. On February 21, 2023, the court dismissed Appellant's petition and granted counsel's motion to withdraw.[5]

On March 7, 2023, Appellant filed a *pro se* notice of appeal. Appellant filed a Pa.R.A.P. 1925(b) Statement indirectly challenging plea counsel's

_____

[3]**See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[4] Petition to Withdraw as Counsel, 11/22/22, at ¶¶5-6.

[5] On February 23, 2023, two days after the petition's dismissal, Appellant filed an "Objection to Court's Notice of Intent to Dismiss Pursuant to Pa.R.Crim.P. 907(a)." The docket indicates the court took no action to address this filing.

stewardship by challenging PCRA counsel's stewardship failure to raise plea counsel's ineffectiveness. The court filed a Rule 1925(a) Opinion first finding that Appellant waived his challenge to PCRA counsel's effectiveness. PCRA Ct. Op, 5/8/23, at 2, citing Pa.R.A.P. 302(a).[6] The court, however, addressed Appellant's claim that plea counsel was ineffective by concluding that Appellant had not pleaded or proved "any element of the tripartite [ineffectiveness] test." *Id*.

Appellant presents two issues for our review:

1. Did PCRA counsel render[] inadequate assistance of counsel when they failed to raise plea counsel[']s ineffectiveness for permitting Appellant to plead guilty while he was under the influence of an anti-psychotic medication[?]

2. Did PCRA counsel render[] inadequate assistance of counsel when they failed to raise plea counsel[']s failure to file a direct appeal after the denial of his post-sentence motion on 1/27/2022[?]

Appellant's Br. at 2 (reordered for ease of analysis; some capitalization omitted).

**B.**

As an initial matter, we note that our Supreme Court recently held in *Commonwealth v. Bradley*, 261 A.3d 381 (Pa. 2021), that "a PCRA petitioner may, after a PCRA court denies relief. . .raise claims of PCRA

---

[6] Rule 302(a) provides issues not raised before the trial court are waived and cannot be raised for the first time on appeal. The PCRA court concluded that Appellant's claims were waived because he raised them for the first time on appeal. PCRA Ct. Op. at 2.

counsel's ineffectiveness at the first opportunity to do so, even if on appeal." *Id*. at 401. Here, Appellant raised his challenge to PCRA counsel's effectiveness for the first time in his Rule 1925(b) Statement. Pursuant to *Bradley*, we may address it.

Further, after this Court reviews Appellant's claims challenging PCRA counsel's stewardship, we may "grant or deny relief on straightforward claims, [or] remand to the PCRA court for the development of the record." *Id.* at 403. We will remand "where there are material facts at issue concerning claims challenging counsel's stewardship and relief is not plainly unavailable as a matter of law[.]" *Id*. at 402 (citation and internal alteration omitted).

**C**.

To address whether the trial court properly rejected Appellant's claim that PCRA counsel was ineffective for failing to challenge the ineffectiveness of plea counsel, we must first address whether plea counsel was ineffective. The following precepts inform our review.

We review an order denying a petition for collateral relief to determine whether the PCRA court's decision is supported by the evidence of record and free of legal error. *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014). "This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings." *Commonwealth v. Anderson*, 995 A.2d 1184, 1189 (Pa. Super. 2010).

To prevail on a petition for PCRA relief, a petitioner must plead and prove, by a preponderance of the evidence, that his conviction or sentence resulted from one or more of the circumstances enumerated in 42 Pa.C.S. § 9543(a)(2), which includes ineffectiveness of counsel.

The following well-settled law informs our review of Appellant's layered ineffectiveness claim. We presume that counsel has rendered effective assistance. *Commonwealth v. Bickerstaff*, 204 A.3d 988, 992 (Pa. Super. 2019). To overcome this presumption, a petitioner must establish that: (1) the underlying claim has arguable merit; (2) counsel lacked a reasonable basis for his act or omission; and (3) petitioner suffered actual prejudice. *Bradley*, 261 A.3d at 390; *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014). Failure to satisfy any prong of the test will result in rejection of the appellant's claim. *Spotz*, 84 A.3d at 311.

"Arguable merit exists when the factual statements are accurate and could establish cause for relief." *Commonwealth v. Urwin*, 219 A.3d 167, 172–73 (Pa. Super. 2019). "Whether the facts rise to the level of arguable merit is a legal determination." *Id.* (citation omitted).

With respect to the prejudice prong, the defendant who entered a guilty plea must demonstrate that "it is reasonably probable that, but for counsel's errors, he would not have pleaded guilty and would have gone to trial." *Commonwealth v. Rathfon*, 899 A.2d 365, 370 (Pa. Super. 2006) (citation omitted). "A reasonable probability is a probability sufficient

to undermine confidence in the outcome." ***Commonwealth v. Sandusky***, 203 A.3d 1033, 1044 (Pa. Super. 2019) (citation omitted). "[B]oilerplate allegations and bald assertions of. . .ensuing prejudice cannot satisfy [an appellant's] burden to prove that counsel was ineffective." ***Commonwealth v. Paddy***, 15 A.3d 431, 443 (Pa. 2011).

Where, as here, a petitioner alleges layers of ineffectiveness, "he is required to plead and prove, by a preponderance of the evidence, each of the three prongs of ineffectiveness relevant to each layer of representation." ***Commonwealth v. Parrish***, 273 A.3d 989, 1003 n.11 (Pa. 2022). Accordingly, "the critical inquiry is whether the first attorney that the defendant asserts was ineffective did, in fact, render ineffective assistance of counsel. If that attorney was effective, then subsequent counsel cannot be deemed ineffective for failing to raise the underlying issue." ***Commonwealth v. Burkett***, 5 A.3d 1260, 1270 (Pa. Super. 2010).

**D.**

Appellant claims that plea counsel was ineffective for "permitting" him to plead guilty while under the influence of an anti-psychotic medication, and that PCRA counsel was ineffective for failing to raise plea counsel's ineffectiveness in an amended petition. Appellant's Br. at 7. Appellant maintains that he was taking anti-psychotic medications that impaired his ability to understand the plea colloquy, and that counsel was aware of his impairment and should have requested a continuance. ***Id.*** He also asserts

that, if he had been in a "sober mind state," there is a "reasonable probability" that he would have chosen to go to trial. *Id.* at 8. Appellant's claim warrants no relief.

In its opinion, the PCRA court determined that, even if it had not found Appellant's issues waived, it would deny relief. The court opined that Appellant asserted a conclusory claim and failed to meet his burden of proof for any of the elements of ineffective assistance of counsel. PCRA Ct. Op. at 2-3.

We agree that Appellant's conclusory claim fails to garner relief. Appellant has not provided any citations to the record to support his bald assertion that he did not understand the proceedings due to his anti-psychotic medication, as required by our Rules of Appellate Procedure. *See* Pa.R.A.P. 2119(c). Moreover, our review indicates that, in fact, during the court's verbal colloquy, Appellant stated that he was not under the influence of any drugs. N.T. Plea Hr'g, 11/12/21, at 3. In the written plea colloquy, Appellant affirmed that he had been treated for mental illness but denied that medication affected his ability to understand the questions. Guilty Plea Colloquy, 11/4/21, at 1.[7] In addition, our review of the transcript from the plea hearing indicates that Appellant's demeanor during the plea hearing was calm and that he was engaged in, and understood, the plea process. N.T. Plea Hr'g, at 3-5. Since

---

[7] We note that an appellant is bound by the statements he made during the plea colloquy "in open court while under oath, and he may not now assert[] grounds for withdrawing the plea which contradict the statements." *Commonwealth v. Willis*, 68 A.3d 997, 1009 (Pa. Super. 2013).

the record indicates Appellant knowingly and voluntarily pled guilty, and Appellant has not developed his claim beyond a bald assertion, Appellant fails to satisfy the first prong of the ineffectiveness test. Accordingly, the PCRA court did not abuse its discretion in dismissing this claim.

**E.**

Appellant also asserts that PCRA counsel provided ineffective assistance by failing to raise a claim that plea counsel was ineffective for not filing a direct appeal. Appellant's Br. at 5. Specifically, Appellant maintains that he asked Attorney Thompson to file an appeal after the court denied his post-sentence motion, but that Attorney Thompson did not do so. ***Id.***

Our Supreme Court has held that if a defendant asked counsel to file a notice of appeal, counsel's failure to do so constitutes *per se* ineffective assistance of counsel. ***Commonwealth v. Lantzy***, 736 A.2d 564, 571-72 (Pa. 1999). If proven, the court may reinstate a petitioner's appellate rights. ***Id.*** at 572-73.

Since the PCRA court did not hold a hearing on this issue, we have no factual findings that address whether Appellant requested that his plea counsel file a direct appeal. Therefore, we vacate the order denying PCRA relief on the issue of Appellant's claim regarding his direct appeal and remand to the PCRA court for a hearing. ***See Commonwealth v. Touw***, 781 A.2d 1250, 1254 (Pa. Super. 2001) (stating that an appellant must prove that he requested an appeal, but counsel disregarded his request).

**F.**

In sum, Appellant raised two challenges to the PCRA court's denial of PCRA relief. We affirm the trial court's denial of PCRA relief on the claim of ineffectiveness regarding the Appellant's guilty plea but vacate and remand to the PCRA court to hold a hearing on Appellant's claim of ineffectiveness regarding his direct appeal rights. We direct the PCRA court to appoint new PCRA counsel to represent Appellant on his claim regarding his direct appeal rights.

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/24/2023