J-S44038-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIAM R. KRIMMEL | : | |
| | : | |
| Appellant | : | No. 2112 EDA 2022 |

Appeal from the PCRA Order Entered September 13, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0001140-2017

BEFORE:   OLSON, J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                     **FILED DECEMBER 4, 2024**

Appellant, William R. Krimmel, appeals from the order dismissing his

timely first petition filed under the Post Conviction Relief Act ("PCRA"), 42

Pa.C.S. §§ 9541-9546.  We affirm in part, reverse in part, and remand.

In summarizing the impetus of this matter, the trial court stated:

> This case initiated following investigation of reports that
> Appellant had indiscriminately fired deadly weapons from inside
> and outside his residence located at 8206 Halstead Street in the
> northeast section of Philadelphia, including a high velocity assault
> rifle, toward and into neighboring homes during the early morning
> hours on December 24, 2016, which had recklessly endangered
> the lives of multiple occupants of the nearby residents and caused
> property damage.

Trial Court Opinion, 4/1/19, at 2.

_____

[*] Retired Senior Judge assigned to the Superior Court.

On December 18, 2017, following a six-day trial, a jury convicted Appellant of one count each of discharge of a firearm into an occupied structure and possessing instruments of crime, and two counts of recklessly endangering another person ("REAP").[1] On February 20, 2018, the trial court sentenced Appellant to serve an aggregate term of incarceration of eight to sixteen years. Appellant filed post-sentence motions, which were denied on March 6, 2018. Appellant took a timely direct appeal, and this Court affirmed his judgment of sentence on March 3, 2020. *Commonwealth v. Krimmel*, 937 EDA 2018, 2020 WL 1042477 (Pa. Super. filed March 3, 2020) (unpublished memorandum).

Appellant did not seek further review with our Supreme Court. Rather, on January 29, 2021, Appellant filed a PCRA petition through counsel ("PCRA counsel"). The PCRA court held an evidentiary hearing and denied relief on September 13, 2021. Appellant filed a timely appeal, which this Court dismissed for failure to file a docketing statement. New counsel was appointed to represent Appellant, who filed a petition to seek the reinstatement of his appellate rights. Thereafter, Appellant's current counsel entered an appearance on his behalf and filed an additional PCRA petition seeking to restore his appellate rights. On August 16, 2022, the PCRA court entered an order reinstating Appellant's appeal rights. Appellant then filed this timely

---

[1] 18 Pa.C.S. §§ 2707, 907 and 2705.

appeal. In his concise statement of errors complained of on appeal, Appellant raised various claims of ineffective assistance of PCRA counsel pursuant to ***Commonwealth v. Bradley***, 261 A.3d 381 (Pa. 2021), claims which he also pursues in this appeal. ***See Commonwealth v. Snyder***, ___ A.3d ___, 2024 WL 2143395, at *3 (Pa. Super. filed May 14, 2024) (claims of PCRA counsel ineffectiveness under ***Bradley*** must be raised at first opportunity, which, if directed by the trial court, is in the petitioner's Pa.R.A.P. 1925(b) concise statement).

Appellant presents the following issues for our review:

I. Were trial counsel and PCRA counsel ineffective in failing to challenge the Commonwealth's violation of "the golden rule" in opening statements in that the Commonwealth improperly urged the jurors to imagine themselves as the victims?

II. Did PCRA counsel provide the ineffective assistance of counsel in failing to raise a claim in the PCRA petition relating to trial counsel's concession of guilt in closing arguments where trial counsel, who relied entirely on a justification defense, conceded that his client had not acted reasonably, leaving his client with no defense?

III. Did PCRA counsel provide the ineffective assistance of counsel in failing to raise a claim in the PCRA petition relating to trial and appellate counsel's failure to properly challenge the Commonwealth's prior bad acts evidence that Appellant had fired a gun in his own house on a prior occasion where the unfair prejudice of the evidence substantially outweighed any probative value?

IV. Did PCRA counsel provide the ineffective assistance of counsel in failing to raise a claim that trial and appellate counsel were ineffective in failing to challenge the trial court's erroneous reliance on a Florida DUI and firearms arrest which predated this case and still has not been adjudicated as a factor in imposing the maximum possible sentence?

V. Should the PCRA court have held an evidentiary hearing on Appellant's claim that he would have accepted the Commonwealth's plea offer had trial counsel properly conveyed the offer?

Appellant's Brief at 8-9 (suggested answers omitted).

In reviewing the denial of PCRA relief, we are "limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." *Commonwealth v. Ousley*, 21 A.3d 1238, 1242 (Pa. Super. 2011) (citation omitted). "The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions." *Commonwealth v. Mitchell*, 105 A.3d 1257, 1265 (Pa. 2014) (citation omitted).

Appellant's first four issues raise challenges to the effective assistance of counsel. Accordingly, we employ a well-settled set of precepts:

> We presume counsel's effectiveness, and an appellant bears the burden of proving otherwise. To establish ineffectiveness of counsel, a PCRA petitioner must plead and prove: [(1)] his underlying legal claim has arguable merit; [(2)] counsel's actions lacked any reasonable basis; and [(3)] counsel's actions prejudiced him. Failure to satisfy any prong of the ineffectiveness test requires dismissal of the claim. Arguable merit exists when the factual statements are accurate and could establish cause for relief. Whether the facts rise to the level of arguable merit is a legal determination.

*Commonwealth v. Urwin*, 219 A.3d 167, 172 (Pa. Super. 2019) (internal citations and quotation marks omitted) (brackets added).

Under the first prong of the ineffectiveness test, an appellant is not entitled to relief if his underlying legal argument has no merit. *See Ousley*, 21 A.3d at 1246. In short, counsel cannot be deemed ineffective for failing to pursue a meritless claim. *See Commonwealth v. Loner*, 836 A.2d 125, 132 (Pa. Super. 2003) (*en banc*).

"With respect to the reasonable basis prong, we have explained that courts should not inquire as to whether there were other, more logical courses of action counsel could have pursued; rather, the appropriate question is whether counsel's decision had any reasonable basis." *Commonwealth v. Johnson*, 289 A.3d 959, 979 (Pa. 2023).

Concerning the third prong, as defined by our Supreme Court: "a defendant … is required to show actual prejudice; that is, that counsel's ineffectiveness was of such magnitude that it could have reasonably had an adverse effect on the outcome of the proceedings." *Commonwealth v. Spotz*, 84 A.3d 294, 315 (Pa. 2014) (citations, brackets, and internal quotation marks omitted). When an appellant has failed to meet the prejudice prong of an ineffective assistance of counsel claim, the claim may be disposed of on that basis alone, without a determination of whether the first two prongs have been met. *See Commonwealth v. Baker*, 880 A.2d 654, 656 (Pa. Super. 2005). Again, failure to satisfy any prong of the ineffectiveness test requires dismissal of the claim. *See Urwin*, 219 A.3d at 172.

In *Bradley*, our Supreme Court rejected prior caselaw requiring that

claims of PCRA counsel ineffectiveness be raised prior to dismissal of a claim and instead adopted "a modified and flexible [] approach," allowing a petitioner, after obtaining new counsel or acting *pro se*, to raise claims of PCRA counsel ineffectiveness "at the first opportunity to do so, even if on appeal." 261 A.3d at 400-01. The court stated that "[i]n some instances, the record before the appellate court will be sufficient to allow for disposition of any newly-raised ineffectiveness claims," while in other situations "the appellate court may need to remand to the PCRA court for further development of the record and for the PCRA court to consider such claims as an initial matter." *Id.* at 402. Appellant's claims under **Bradley** are layered ineffectiveness claims, in which he asserts that PCRA counsel was ineffective for failing to raise certain claims of effectiveness by trial counsel; therefore, Appellant must prove ineffectiveness as to each layer of representation. **Commonwealth v. Mason**, 130 A.3d 601, 618-19 (Pa. 2015); **Commonwealth v. Crumbley**, 270 A.3d 1171, 1182 & n.7 (Pa. Super. 2022).

Appellant first argues that PCRA counsel was ineffective for not raising a claim that trial counsel should have objected to the Commonwealth's prosecutorial misconduct committed during opening statements and moved for a mistrial. **See** Appellant's Brief at 38-43. Essentially, he contends that the prosecutor made an improper argument and violated the "golden rule" when she urged the jurors to imagine themselves as the victims.

In concluding that the underlying issue of prosecutorial misconduct lacked merit, the PCRA court offered the following reasoning, which we adopt as our own:

> [T]here is no arguable merit to this underlying claim. To be sure, a prosecutor is prohibited from offering his or her personal opinions concerning a case to the jury. ***See, e.g., Commonwealth v. Rollins***, 558 Pa. 532, 738 A.2d 435 (1999). "The purpose of an opening statement is to apprise the jury how the case will develop, its background and what will be attempted to be proved; but *it is not evidence*." ***Commonwealth v. Parker***, 591 Pa. 526, 537, 919 A.2d 943, 950 (Pa. 2007) [emphasis added]. ***See also Commonwealth v. Gainey***, 239 A.3d 77 (Pa. Super. [] 2020). The [c]ourt recognized that a prosecutor, as well as the defense, is afforded reasonable latitude when delivering his or her opening statement. ***Id.***, *citing* ***Commonwealth v. Jones***, 610 A.2d 931, 938 (Pa. 1992). A prosecutor's latitude is limited, however, as his or her opening statement "must be based on evidence that he plans to introduce at trial and must not include mere assertions designed to inflame the jury's emotions. A prosecutor's opening statements may refer to facts that he reasonably believes will be established at trial." ***Parker***, 919 A.2d at 950, *citing* ***Commonwealth v. Begley***, 780 A.2d 605,626 (Pa. 2001) (internal quotation marks, citation omitted)
>
> Upon review of [Assistant] District Attorney Stram's opening statement, this [c]ourt finds no arguable merit to the claim underlying Appellant's undeveloped assertion of trial counsel ineffectiveness:
>
> > MS. STRAM: Your home is where you should go to feel safe and secure. When we're in our houses, we lock the doors when we go to sleep at night and we trust that we'll wake up the next morning. We trust that we're in a safe place because we're in our house. Peggy and Robert Ostrowski, they felt that way about their house. They felt that way until this defendant stripped them of that sense of security. And he did that when he fired an AKS automatic weapon into their home on Christmas Eve on 2016. He fired it in the direction of their home and he shattered their back

porch door. And with that, he shattered their sense
of security that they felt in their home.

([N.T.] 12/13/2017, p.3).

Stating that you should feel safe in your house when the charges against a criminal defendant accused of firing a weapon in the direction of their neighbor's house causing damage was the act prohibited by the Crimes Code, for which Appellant was on trial. It is the most obvious factual assertion every district attorney is expected to make in any criminal trial. This is especially true considering the recognized latitude afforded parties in presenting their opening statements. *See generally*, ***Parker***, ***supra***. In ***Commonwealth v. Jones***, 530 Pa. 591,610 A.2d 93 (1992), the Pennsylvania Supreme Court stated, "[a]s long as there is a good faith and reasonable basis to believe that a certain fact will be established, reference may properly be made to it during the opening argument." *See **Jones***, 530 Pa., at 607, 610 A.2d, at 938. The ***Jones*** Court continued, "[e]ven if an opening argument is improper, relief will be granted only where the unavoidable effect is to so prejudice the finders of fact as to render them incapable of objective judgment." ***See id.***

Appellant has not articulated or explained how these statements constituted Ms. Stram's personal opinion rather than a preliminary statement of the facts of the Commonwealth's case, consistent with the evidence to be presented, and which, in the case *sub judice*, was in fact presented, at trial. Appellant bears the burden of proof in this regard and has failed to meet that burden. There appears to be no arguable merit to this claim. Neither PCRA counsel, nor trial counsel [can] be deemed ineffective for failing to file a frivolous motion. Therefore, PCRA relief on this claim fails.

PCRA Court Opinion, 3/8/23, at 33-35.

Upon consideration of the prosecutor's remarks in question, we conclude that the statements were comments relating to the basic expectation of safety that persons in our society anticipate—which was in question based on the charges against Appellant and the evidence presented—and did not urge the

jurors to imagine themselves as the specific victims of Appellant's criminal acts. Therefore, the PCRA court properly concluded there was no merit to the underlying issue, and counsel was not ineffective for failing to make an objection. **See Commonwealth v. Spotz**, 896 A.2d 1191, 1210 (Pa. 2006) (holding that counsel will not be deemed ineffective for failing to raise a meritless claim).

Appellant next argues that PCRA counsel was ineffective for failing to argue trial counsel's ineffective assistance during closing arguments. **See** Appellant's Brief at 44-49. Basically, Appellant claims that trial counsel conceded Appellant's guilt during closing arguments "when he argued to the jury that there was no need to find that Appellant acted reasonably in firing the gun." **Id**. at 44. Appellant posits that the statement amounted to a concession of guilt and an abandonment of his claim of self-defense.

"The right to effective assistance extends to closing arguments. Nonetheless, counsel has wide latitude in deciding how best to represent a client, and deference to counsel's tactical decisions in his closing presentation is particularly important because of the broad range of legitimate defense strategy at that stage." **Commonwealth v. Daniels**, 104 A.3d 267, 290 (Pa. 2014) (citation omitted). In addition, our "review must be based on the entirety of the summation and not mere snippets or arguments taken out of context." **Id**.

Furthermore, we are mindful that a defendant does not have a burden to prove self-defense. *See Commonwealth v. Torres*, 766 A.2d 342, 345 (Pa. 2001). Once a defendant introduces some evidence to justify a finding of self-defense, the Commonwealth bears the burden to disprove self-defense beyond a reasonable doubt. *See id*. If the defendant's testimony is the only evidence of self-defense, the Commonwealth cannot rely on the fact finder's disbelief of the defendant's testimony to meet its burden to disprove self-defense. *See Commonwealth v. Smith*, 97 A.3d 782, 788 (Pa. Super. 2014).

The PCRA court stated the following in review of this claim:

A review of trial counsel's closing argument in its entirety demonstrates that counsel adequately discussed the Commonwealth's burden of proof, the presumption of innocence and *mens rea*, reasonable doubt, the deficiencies and weaknesses in the Commonwealth's evidence, and the defense theory. To that end, trial counsel noted that the incident that brought Appellant to court was out of character; that he had never been in trouble with the law, whose house had been previously broken into and who had later reacted to what he thought was someone breaking into his house again. Counsel strenuously argued that there was no intent to harm or scare his neighbors; he was not someone terrorizing the neighborhood.

In attacking counsel's performance, Appellant baldly states that defense counsel misstated the law, conceded guilt, and completely abandoned any semblance of any legal or factual defense when he argued to the jury that Appellant need not have acted reasonably. This argument is meritless. Counsel stressed the defense points, attacked the Commonwealth's evidence, and reminded the jury of its responsibility to be fair and impartial. (N.T. 12/18/2017, pp. 3-14). Trial counsel did not concede Appellant's guilt; he reminded the jury that the decision was theirs, not the Commonwealth's. Trial counsel's failure to profess Appellant's innocence before the body that was to make that

- 10 -

decision was "precisely the sort of calculated risk that lies at the heart of an advocate's discretion." Trial counsel's summation reflected a reasonable approach stressing jury autonomy, downplaying the testimony of witnesses, and attempting to plant the seeds of reasonable doubt. Given the deference which necessarily attends review of such an inherently subjective aspect of trial lawyering, Appellant's claim fails.

PCRA Court Opinion, 3/8/23, at 28-29 (citation and quotation marks omitted).

The record shows that trial counsel made the following statement to the jury during closing argument:

It's the government presenting their case beyond a reasonable doubt. And so if you're listening to [Appellant's] testimony and you're like, I'm not sure if I believe him or if something else happened, then you, as reasonable jurors, have a doubt, and that is a reasonable doubt. So if you listen to this testimony, you don't have to sit there and be positive that somebody was breaking into his house. You don't have to sit there and be positive that he acted in a reasonable way. It's just, if you think maybe it happened, then [the prosecutors] haven't done their job.

N.T., 12/18/17, at 5-6.

Upon review of the above statement, and the entirety of trial counsel's closing argument, we do not discern any concession of guilt by counsel. Rather, we conclude that trial counsel appropriately stated the law and reiterated the burden of proof that the Commonwealth was required to show in order to negate Appellant's defense claim. Therefore, we find no merit to this claim of ineffective assistance of counsel. **See Spotz**, 896 A.2d at 1210.

In his third issue, Appellant argues that PCRA counsel was ineffective for failing to challenge trial and appellate counsel's handling of evidence of Appellant's prior bad acts. **See** Appellant's Brief at 49-53. He asserts that

trial counsel should have challenged the admission of evidence that Appellant fired a gun inside of his home prior to the incident in question. Appellant further alleges that trial counsel inexplicably elicited testimony from Appellant reflecting that he did not dispute having fired a gun inside of his home. He concludes that "[he] suffered prejudice from trial counsel's failure to properly challenge the evidence and appellate counsel's failure to appeal the trial court's ruling as well as trial counsel's decision to introduce the testimony himself." *Id*. at 52.

A motion *in limine* is a procedure for obtaining a ruling on the admissibility of evidence prior to or during trial, but before the evidence has been offered. *See Commonwealth v. Freidl*, 834 A.2d 638, 641 (Pa. Super. 2003). The basic requisite for the admissibility of any evidence in a case is that it be competent and relevant. *See id*. A trial court should find evidence admissible if it is relevant, that is "if it logically tends to establish a material fact in the case, tends to make a fact at issue more or less probable, or supports a reasonable inference or presumption regarding a material fact." *Commonwealth v. Williams*, 896 A.2d 523, 539 (Pa. 2006) (citation omitted).

Furthermore, our Supreme Court has noted that "[e]vidence will not be prohibited merely because it is harmful to the defendant." *Commonwealth v. Dillon*, 925 A.2d 131, 138–39 (Pa. 2007) (citation omitted). "[E]xclusion is limited to evidence so prejudicial that it would inflame the jury to make a

decision based upon something other than the legal propositions relevant to the case." ***Commonwealth v. Owens***, 929 A.2d 1187, 1191 (Pa. Super. 2007) (citation omitted).

Pennsylvania Rule of Evidence 404 "deals exclusively with the evidence of crimes, wrongs or acts which a party seeks to admit to prove something about an accused, a complainant or a witness." ***Commonwealth v. Thompson,*** 779 A.2d 1195, 1201 (Pa. Super. 2001). Such evidence may be admissible "where it is relevant for some other legitimate purpose and not utilized solely to blacken the defendant's character." ***Commonwealth v. Russell***, 938 A.2d 1082, 1092 (Pa. Super. 2007). However, this Court has reiterated that "[w]hile evidence of prior bad acts is not admissible to show criminal propensity, evidence of other crimes may be admissible if it is relevant to show some other legitimate purpose." ***Commonwealth v. Ivy***, 146 A.3d 241, 251 (Pa. Super. 2016) (citation omitted).

Our Supreme Court has discussed evidence of other bad acts and the related exceptions as follows:

> Generally, evidence of prior bad acts or unrelated criminal activity is inadmissible to show that a defendant acted in conformity with those past acts or to show criminal propensity. Pa.R.E. 404(b)(1). However, evidence of prior bad acts may be admissible when offered to prove some other relevant fact, such as motive, opportunity, intent, preparation, plan, knowledge, identity, and absence of mistake or accident. Pa.R.E. 404(b)(2). In determining whether evidence of other prior bad acts is admissible, the trial court is obliged to balance the probative value of such evidence against its prejudicial impact.

***Commonwealth v. Sherwood***, 982 A.2d 483, 497 (Pa. 2009).

- 13 -

Our review of the record reflects the Commonwealth presented and successfully argued a motion *in limine* seeking the admission of statements from Appellant's neighbor concerning the sound of late-night gunshots in the neighborhood in the weeks prior to this incident. The Commonwealth sought to admit the evidence to establish an absence of mistake. *See* N.T., 12/13/17, at 6. Trial counsel argued against the admission, claiming that the suggestion the gunshots came from Appellant was pure speculation. *See id*. at 7. Counsel further argued that the prior gunshots do not negate Appellant's claim that he fired in self-defense during this incident, and therefore, prejudicial value of this evidence outweighs its probative value. *See id*. at 7-8. As indicated, the trial court granted the motion to admit the evidence. *See id*. at 8.

Appellant further notes the following questions posed to Appellant by trial counsel followed a line of questioning eliciting that Appellant's firearms were properly registered:

Q: Okay. And did you ever shoot these [rifles] in your house?

A: Do I ever shoot into my house?

Q: Like inside your house, do you ever just shoot your rifles?

A: No, I don't make a habit of it, but, you know, I think it probably happened a few times.

Q: You heard the testimony of your neighbor?

A: Yeah.

Q: And you don't dispute that might have happened?

- 14 -

A: No, not at all.

N.T., 12/18/17, at 20.

The PCRA court addressed this ineffectiveness issue and found no prejudice to Appellant as follows:

> Lieutenant [David] Marnien [of the Philadelphia Police Department] testified that on December 24, 2016, in full uniform and in a marked police car, responded to a radio call for "a person with a gun." Subsequent flash information directed him to 8206 Halstead where he observed that the first-floor window was shot out. At first, Lieutenant Marnien thought the shots were going into the house but later determined that they had come from inside the house. Lieutenant Marnien and Police Officer Fred Antkowiak knocked on the door of 8206 Halstead and were let inside by Appellant. Lieutenant Marnien testified that as soon as he and Officer Antkowiak walked into the house he smelled the odor of burnt gun powder in the air. Lieutenant Marnien observed multiple cartridge casings scattered all over the apartment. He asked Appellant what happened, and Appellant answered that someone was outside of his house (on the north side) with a gun and that he [Appellant] had fired at the person. Investigating what Appellant told him, Lieutenant Marnien went into the rear bedroom of the house and observed a hole in the window blind which when raised, revealed a hole in the windowpane. Lieutenant Marnien went outside and found no evidence that anyone had been in the yard outside Appellant's house. As part of his overall investigation, Lieutenant Marnien testified that Appellant's home is catty corner to the complainant's home where he observed additional bullet holes and determined that the trajectory was from the direction of Appellant's house. (N.T. 12/13/2017, pp. 27-51).

PCRA Court Opinion, 3/8/23, at 27-28. Upon review, we agree that Appellant has not established the prejudice prong of the ineffectiveness test.

As the PCRA court observed, the evidence of Appellant's guilt was overwhelming, and that Appellant has failed to demonstrate that the jury's

verdict would have been different but for the evidence that he shot his registered firearm on a prior unrelated occasion inside of his home. Indeed, Appellant's version of events regarding a fleeing intruder is inconsistent with the evidence presented by the Commonwealth establishing that the gunshots in this incident exited Appellant's residence in an area where the alleged intruder was not present.

Therefore, Appellant has not established that counsel's conduct had an adverse effect on the outcome of the proceedings, and he has failed to establish the prejudice prong of the ineffectiveness test. *See Spotz*, 84 A.3d at 315. Consequently, this claim challenging counsel's stewardship fails.

In his fourth issue, Appellant argues that PCRA counsel was ineffective for failing to challenge trial and appellate counsel's effective assistance pertaining to the trial court's alleged consideration of an improper sentencing factor. *See* Appellant's Brief at 53-57. Appellant posits that counsel should have challenged the court's reliance on Appellant's Florida arrest following a vehicle stop and discovery of a firearm in his possession. Appellant contends that utilizing this information as a factor in fashioning the sentence was erroneous because the trial court ostensibly misunderstood the timelines of the Florida case and the instant matter. Specifically, Appellant claims that

> the trial court relied heavily on a pending DUI and firearms possession case from Florida which predated the arrest in this case and for which Appellant still has not been tried as of today. In addition to improperly treating the arrest as a conviction, the trial court also clearly misunderstood the timing of the arrest and

believed that Appellant had violated his bail conditions in this case by traveling to Florida and getting arrested there.

*Id*. at 53.

We have long held that "a court, in imposing [a] sentence may consider prior arrests and concurrent charges as long as the court realizes that the defendant had not been convicted on those prior charges[.]" *Commonwealth v. Craft*, 450 A.2d 1021, 1024 (Pa. Super. 1982) (citations omitted). The sentencing court was appropriately aware in this precept.

In addressing this claim of ineffective assistance, the PCRA court offered the following discussion, which we adopt as our own:

> Appellant contends that his Florida arrest was used as an aggravating factor at sentencing and that this [c]ourt "relied heavily on incorrect facts regarding the timing of the Florida arrest in deciding on the sentence imposed." Despite Appellant's argument to the contrary, the record belies that supposition:
>
> THE COURT: What is the date of arrest for the Florida matter?
>
> MS. STRAM: That is June of 2014. June twenty-first of 2014.
>
> THE COURT: So that matter was not disposed of when this matter came up?
>
> MS. STRAM: Correct, Your Honor.
>
> THE COURT: Okay. What type of firearm was alleged to have been in Mr. Krimmel's possession?
>
> MS. STRAM: It was a thirty-two caliber handgun, Your Honor, and it was recovered during a car stop for which the defendant was observed driving erratically in Fort Lauderdale, Florida.

Upon stopping that vehicle, the officer observed a strong odor of alcohol and other indicia of intoxication. He asked the defendant if he had a weapon on him. The defendant said that he did not. Then based on his observations of intoxication the officer arrested Mr. Krimmel, and during a search of his person incident to arrest they recovered from his pants pocket a thirty-two caliber handgun. The defendant, when asked why he didn't tell the officer that, he said he was afraid. But he said that he had that weapon on him for his protection.

THE COURT: Question. Was that case in bench warrant status when this case came up or was it just continued?

MS. STRAM: It was not, Your Honor. It was just continued, Your Honor.

THE COURT: And was Mr. Krimmel living in Florida at the time? What was he doing in Florida?

MS. STRAM: No, Your Honor. He said that he, well, he reported in this matter from my speaking with the other DA that he was visiting Florida. Like, he was on a vacation down there.

THE COURT: All right. Go ahead.

(N.T., 2/20/18, pp.45-48)

The record is clear that this [c]ourt was not uninformed as to the timing of Appellant's Florida arrest, nor was the [c]ourt unaware that the matter in Florida was still an open case as stated not only by the district attorney, but clearly and unequivocally reflected in the presentence investigation report which this [c]ourt reviewed. Appellant's presumption of innocence was not discarded, nor did the Florida arrest factor into the sentence imposed by this [c]ourt. The district attorney may have considered the arrest as an aggravating factor, this [c]ourt did not. The Florida arrest did not influence this [c]ourt's decision at sentencing. Since this [c]ourt did not use the Florida arrest as a factor; aggravating or otherwise, neither trial counsel nor PCRA counsel was ineffective.

- 18 -

PCRA Court Opinion, 3/8/23, at 24-25. In light of the PCRA court's pronouncement that Appellant's arrest in Florida did not factor into the sentence imposed by the court, Appellant has failed to establish prejudice necessary to support his assertion of ineffective assistance. *See Spotz*, 84 A.3d at 315. Therefore, this claim fails.

Appellant last argues that the PCRA court erred in failing to hold an evidentiary hearing to address one of his issues. *See* Appellant's Brief at 57-60. He asserts a hearing was necessary to address his claim that he would have accepted a plea offer from the Commonwealth of a two to four-year prison sentence if trial counsel had properly explained the maximum sentence Appellant faced at the time he was weighing whether to accept the Commonwealth's offer. *See id*. at 59. Appellant advances that he did not understand the potential maximum sentence for the offenses and would have accepted the plea offer had counsel communicated the sentencing ramifications to him. *See id*. Thus, he reasons that an evidentiary hearing before the PCRA court was necessary.

A PCRA hearing is not a matter of right, and the PCRA court may decline to hold a hearing if there is no genuine issue concerning any material fact and the defendant is not entitled to relief as a matter of law. *See Commonwealth v. Morrison*, 878 A.2d 102, 109 (Pa. Super. 2005); Pa.R.Crim.P. 907(2). *See also Commonwealth v. Payne*, 794 A.2d 902, 906 (Pa. Super. 2002) (the

right to a hearing is not absolute, and the PCRA court may deny a petition without a hearing if it determines the claims raised are without merit).

The decision to accept or reject a plea deal is ultimately left to the accused. **Commonwealth v. Copeland**, 554 A.2d 54, 60 (Pa. Super. 1988). However, an attorney has a duty to communicate a plea offer to his client and to explain the advantages and disadvantages of the offer. **See Commonwealth v. Marinez**, 777 A.2d 1121, 1124 (Pa. Super. 2001). "Failure to do so may be considered ineffectiveness of counsel if the defendant is sentenced to a longer prison term than the term he would have accepted under the plea bargain." **Id**. (citation omitted). **See also Commonwealth v. Rizor**, 304 A.3d 1034, 1053-57 (Pa. 2023) (discussing standard for claims that counsel provided ineffective assistance in advising a defendant to reject a plea offer).

The PCRA court rejected Appellant's claim of ineffective assistance on the grounds that, although Appellant claimed that he would have accepted the Commonwealth's offer of two and one-half to five years had he been aware of the possible prison sentence he might face, the PCRA court conducted a colloquy explaining the maximum sentence that Appellant could face if he elected to go to trial. **See** PCRA Court Opinion, 3/8/23, at 17-18. After extensive citation to the trial court's colloquy conducted on December 11, 2017, **see id**. at 18-19, the PCRA court summarily stated "Appellant was present when the Commonwealth offered a sentence of two and a half to five

years of incarceration and he rejected the offer. Appellant cannot now claim he was not aware of his possible sentences." *Id*. at 19-20. We are constrained to disagree.

Concerning this claim of ineffective assistance, our review of the certified record reflects that Appellant specifically raised in his amended PCRA petition a claim that prior to declining the Commonwealth's plea offer of two and one-half to five years, trial counsel failed to properly communicate the possible prison sentences Appellant could face if he was convicted at trial. *See* Amended PCRA Petition, 6/17/21, at ¶ 9K. The petition further posits that Appellant would have accepted the plea offer had he been properly advised. *See id*. at ¶ 9L. In addition, appended to the amended PCRA petition is an affidavit from Appellant indicating that he would provide testimony concerning trial counsel's failure to properly advise of sentencing exposure and Appellant's willingness to have accepted an offer if properly informed of sentencing ramifications. *See id*. (Witness Certification). If these allegations are true, Appellant may be entitled to PCRA relief, because he proceeded to trial and ultimately received a greater sentence than that offered in the plea agreement. *See Marinez*, 777 A.2d at 1124.

We further observe that the Commonwealth appended to its Motion to Dismiss, a copy of the "Smart Room Offer Sheet." This undated and unsigned document reflects the following plea offer was presented:

> Discharge of Firearm into Occupied Structure (F3): 2.5-5 years SCI, 2 years reporting probation, restitution to be determined, SAO
> PIC (M1): 5 years reporting probation, restitution to be determined SAO (concurrent)

Commonwealth Motion to Dismiss, Exhibit C-3 (Smart Room Offer Sheet). However, the offer sheet does not set forth the maximum sentence to which Appellant would be subject upon rejection of the offer. Rather, the document only includes the following concerning the "Lead Charge" of discharge of a firearm into occupied structure: "Min-Max: 3.5/7." ***Id***.

In reviewing Appellant's claim, the PCRA court acknowledged that the plea offer in question was in reference to a two and one-half to five year offer that the Commonwealth put forth in the Smart Room. ***See*** PCRA Court Opinion, 3/8/23, at 18 n.6 (citing Commonwealth Motion to Dismiss, p. 6, n.2). This is supported by the trial court docket, which contains the following notation of March 15, 2017, referencing the rejection of a plea offer: "Pre-Trial Conference Held Offer Rejected [Appellant] present at this listing …" Certified Record Docket Entry # 45, 3/15/17. Nevertheless, the PCRA court acknowledged that "[t]he notes of testimony from the March 15, 2017, pre-trial conference wherein the docket reflects Appellant rejected an offer have not been transcribed." PCRA Court Opinion, 3/8/23, at 20 n.7. Our review confirms this fact. Accordingly, the record is devoid of evidence to establish what transpired at the pre-trial conference concerning the plea offer, the

advice offered by trial counsel, and the reasoning relied upon by Appellant in rejecting the plea offer.

To circumvent Appellant's allegation of counsel's ineffective assistance concerning the plea offer declined in March of 2017, the PCRA court relied upon a colloquy conducted by the trial court immediately before trial commenced nine months later, in December 2017. Specifically, the PCRA court noted that the trial court "conducted a colloquy to determine whether Appellant was competent and whether he was aware of the nature of the charges and potential sentences he could face." PCRA Court Opinion, 3/8/23, at 18. The PCRA court extensively quoted the colloquy to support the theory that Appellant was aware of the possible sentences to which he was exposed.

Nevertheless, a plain reading of the colloquy conducted nine months after the rejection of the plea offer reflects the possibility that Appellant was not properly apprised of sentencing ramifications earlier. Specifically, we acknowledge the following:

> THE COURT: With respect to that charge [of discharging a firearm into an occupied structure], sir, that is a felony of the third-degree. And if you are convicted of that felony of the third degree the maximum penalty that you could be facing is three and a half years to seven years state-time incarceration and a $15,000 fine. Are you aware of that?
>
> [Appellant]: I am now, Your Honor.

N.T., 12/11/17, at 12. In light of our review, we conclude that there remain unresolved issues of fact concerning trial counsel's plea advice such that an evidentiary hearing should have been conducted. Again, if Appellant's

allegations are true, he may be entitled to PCRA relief, since he proceeded to trial and received a greater sentence. **See Marinez**, 777 A.2d at 1124.

Because Appellant's ineffectiveness claim may have arguable merit, it was incumbent upon the PCRA court to conduct an evidentiary hearing to establish what transpired regarding any possible plea and what, if anything, was communicated to Appellant concerning the offer. **See Commonwealth v. Miller**, 634 A.2d 614, 619-20 (Pa. Super. 1993) ("When an arguable claim of ineffective assistance of counsel has been made, and there has been no evidentiary hearing in the court below to permit the defendant to develop evidence on the record to support the claim, and to provide the Commonwealth an opportunity to rebut the claim, this Court will remand for such a hearing").

Accordingly, we reverse the PCRA order in part and remand for an evidentiary hearing limited to Appellant's claim that counsel was ineffective for failing advise him properly with regard to a plea offer before trial.

Order affirmed in part and reversed in part. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date:  12/4/2024

- 24 -